No. 86-364

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

MAREE S. HUNTER,

       Claimant and Respondent,

   -vs-

GIBSON PRODUCTS OF BILLINGS HEIGHTS,
INC.,

    and

GLACIER GENERAL ASSURANCE COMPANY,
and WESTERN GUARANTY SERVICES FUND,

       Defendant and Appellant.

---

APPEAL FROM:  The Workers' Compensation Court of the State of
              Montana, The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Mulroney, Delaney & Scott; P. Mars Scott, Missoula,
        Montana

    For Respondent:

        Neil S. Keefer, Billings, Montana

---

Submitted on Briefs: Oct. 23, 1986

Decided: December 30, 1986

Filed: **DEC 3 0 1986**

_Ethel M. Harrison_

Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Defendant Glacier General Assurance Company appeals the summary judgment awarded by the Workers' Compensation Court in favor of claimant Maree Hunter. We affirm.

In 1983, claimant elected to begin receiving social security monthly retirement benefits prior to reaching age 65 as provided for by the Social Security Act. In 1984, claimant obtained a part-time job at Gibson's Garden Center in Billings Heights, Montana. On May 29, 1984, claimant severely injured her back while working at Gibson's. Claimant filed a claim for workers compensation. Glacier General Assurance Company (Glacier) accepted the claim and began paying temporary total disability benefits from the date of injury in the amount of $64.49 per week.

On February 6, 1986, claimant's attorney wrote a letter to one of Glacier's adjusters stating that he believed Glacier was liable for 500 weeks of permanent partial disability benefits upon claimant's reaching age 65. Glacier responded that it would cease paying benefits on September 23, 1986, the date claimant reached 65. Glacier's position was that when a claimant who is receiving temporary or permanent total disability benefits reaches the age of 65 and social security benefits are converted by law to retirement benefits, the claimant is considered to be retired and no longer entitled to such disability benefits.

Claimant filed a petition for hearing with the Workers' Compensation Court on April 16, 1986. Claimant requested that the court convert her temporary total disability benefits to permanent partial benefits commencing September 23, 1986, award a lump sum, plus costs and attorneys' fees, and increase the award by 20% for Glacier's refusal to pay.

2

Claimant moved for summary judgment on all issues except the lump sum. The court granted summary judgment in favor of claimant and found that Johnson v. Peter Kiewit & Sons, Inc., WCC No. 8411-2704 (1985) controlled. In Johnson, the court ruled that § 39-71-710, MCA, entitles a claimant who has been receiving permanent total disability benefits to receive permanent partial disability benefits once the claimant reaches the age of 65.

The court noted that the 20% penalty was appropriate in this instance because Glacier chose to ignore the holding in Johnson, supra. Glacier filed a motion for reconsideration which was denied by order dated July 25, 1986. Glacier appeals the decision of the Workers' Compensation Court. We address the following issues:

1) Did the Workers' Compensation Court correctly interpret § 39-71-710, MCA, in awarding claimant permanent partial disability benefits upon reaching age 65 when she had been receiving temporary total disability benefits prior to that time and had also been receiving reduced social security retirement benefits?

2) Did the Workers' Compensation Court abuse its discretion in awarding a twenty percent penalty to claimant pursuant to § 39-71-2907, MCA?

Glacier asserts Johnson, supra, is distinguishable from the present case and the Workers' Compensation Court has stretched construction of § 39-71-710, MCA, beyond its breaking point. Section 39-71-710, MCA, provides:

> If a claimant is receiving total disability compensation benefits and the claimant receives retirement social security benefits or disability social security benefits paid to the claimant are converted by law to retirement benefits, the claimant is considered to be retired and no longer in the open labor market. When the claimant is considered retired, the liability of the insurer is ended for payment of such compensation benefits.

3

This section does not apply to permanent partial disability benefits. Medical benefits are expressly reserved to the claimant.

In Johnson, the claimant was 67 years of age at the time of injury and was receiving social security retirement benefits. Claimant began receiving temporary total disability benefits but the insurance company terminated payments on the basis that claimant was not entitled to benefits pursuant to § 39-71-710, MCA, because she was receiving social security retirement benefits and thus considered retired. The Workers' Compensation Court disagreed, stating:

> A plain reading of MCA § 39-71-710, coupled with a review of the legislative history of this statute, persuades the Court that the legislature fully intended to provide that a person receiving social security retirement benefits would not be entitled to receive permanent total disability benefits under the Workers' Compensation Act.
>
> It is equally clear that the legislature intended to leave temporary total and partial disability benefits in place "to properly compensate a worker for temporary disability and for physical impairment that may exist." (Memorandum by the Workers' Compensation Division regarding Senate Bill No. 64, submitted by Laury Lewis on January 29, 1985.)
>
> . . . [E]quity demands that individuals in the claimant's situation be compensated to some degree for injuries suffered while working. Otherwise, a nonsensical result would follow: A "retired" individual who is only slightly injured would qualify for workers' compensation benefits, while a "retired" individual who suffers a permanently totally disabling injury would not.
>
> . . . If § 39-71-710, MCA, were strictly construed, [claimant's] injury would be completely noncompensable.
>
> To avoid this unjust result, this Court concludes that the permanently totally disabled claimant is entitled to receive permanent partial disability benefits pursuant to MCA § 39-71-710. The Court is aware that it is stretching its mandate of liberal construction, but it has not stretched it to the breaking point.

In the present case, claimant was 62 years of age at the time of her injury. She received approximately 2½ years of

4

temporary total benefits prior to reaching age 65. Glacier contends that while the result in Johnson was fair, the present case is distinguishable because claimant was injured prior to being "retired" under § 39-71-710, MCA, and did receive compensation for the injury. Further, that the legislative intent of § 39-71-710, MCA, was to terminate total disability benefits at age 65 because social security retirement benefits would thereafter be adequate income for the retired worker.

Claimant contends § 39-71-710, MCA, does not address the specific facts of this case. However, liberal construction of the statute, as mandated by § 39-71-104, MCA, results in the conclusion claimant is entitled to an award of permanent partial benefits upon reaching the age of 65.

Section 39-71-710, MCA, explicitly provides: "This section does not apply to permanent partial disability benefits." In the present case, claimant, who had been receiving temporary total disability benefits, petitioned the Workers' Compensation Court for an award of permanent partial benefits commencing on her 65th birthday.

As noted by the Workers' Compensation Court in Johnson, supra, strict construction of § 39-71-710, MCA, would result in an absurdity: A worker injured past the age of 65 may recover compensation if partially disabled but not if totally disabled. We agree with the court's interpretation of § 39-71-710, MCA, allowing for payment of permanent partial disability benefits to a permanently totally disabled claimant who has reached the age of 65.

The next issue raised by Glacier is whether the Workers' Compensation Court abused its discretion in assessing a 20% penalty against Glacier. Pursuant to § 39-71-2907, MCA, the workers' compensation judge may increase the award to the

5

claimant by 20% upon a finding of unreasonable delay or refusal to pay by the insurer. In this instance, the judge assessed the penalty against Glacier because it chose to litigate an issue which had been clearly decided in Johnson, supra, and Glacier's attorney was aware of that decision since he represented the claimant in Johnson.

Whether the insurer's action is unreasonable is a question of fact and on appeal a finding of unreasonableness will not be overturned if supported by substantial evidence. Coles v. Seven Eleven Stores (Mont. 1985), 704 P.2d 1048, 42 St.Rep. 1238. Glacier contends the award was not proper because the present case is distinguishable from Johnson, supra. While the issue is a close one, we find substantial evidence to uphold the penalty assessment. Though the facts in Johnson were slightly different than the present case, the court's interpretation of § 39-71-710, MCA, in Johnson, was clearly applicable in this instance and there is evidence to support the Workers' Compensation Court finding that Glacier should not have contested the award of permanent partial disability benefits.

Judgment for claimant is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_L. C. Gulbrandson_

_William E. Hunt_
Justices

7

Mr. Justice Fred J. Weber dissents as follows:

My dissent is aimed primarily at our Montana Legislature. I hope the Legislative Council and the Legislature itself may be able to address the contradictions present in § 39-71-710, MCA. That contradictory statute is set forth in full in the majority opinion.

Section 39-71-710, MCA, provides that if a claimant is receiving total disability compensation benefits and attains 65 years of age so that he becomes entitled to receive retirement social security benefits, then his total disability compensation benefits stop, and the liability of the insurer is ended for payment of such benefits. The statute does not explain the reasoning behind the complete elimination of a right to receive total disability compensation benefits. The succeeding sentence provides that the section does not apply to permanent partial disability benefits. These provisions contradict each other. If a claimant is totally disabled so that the claimant becomes entitled to receive total disability benefits for the rest of his life, on what theory can that totally disabled person be found no longer entitled to benefits, while a partially disabled person may still receive disability benefits?

The section accords unequal treatment to those who are totally disabled and those who are partially disabled. As this case demonstrates, it suggests a legislative policy which would prohibit any type of disability benefits to a person who is totally disabled when working after he attains 65 years of age. As an example, if a 66 year old person receiving social security retirement benefits becomes totally disabled while working, that person is apparently not

8

entitled to total disability benefits. I cannot imagine that was the intention of the legislature at the time of the adoption of this section. I therefore request the legislature to consider the inequalities and contradictions contained in the present section.

In the majority opinion, the defendant is charged a 20% penalty because of a claimed unreasonable delay in the making of payment. As I read § 39-71-710, MCA, the facts of the present case come precisely within the wording of the first two sentences of that section. Those sentences provide that if a claimant is receiving total disability compensation benefits (as was the claimant here) and the claimant then receives retirement social security benefits (as the claimant was about to receive) then the claimant is considered to be retired and the liability of the defendant insurer is ended for the payment of such compensation benefits. If that section were construed to mean what it says, upon attaining age 65, claimant was no longer entitled to receive his compensation benefits from the defendant. The majority has chosen to accept the Workers' Compensation Court's decision which disregarded the express wording of the statute and concluded that it would be unfair to so terminate a totally disabled claimant. Without the benefit of statutory authority, both the Workers' Compensation Court and the majority have concluded that a claimant who is totally disabled can seek permanent partial disability benefits and obtain the same even in the absence of any statutory authority for doing so. The rationale is that such partial disability benefits are presumably less expensive than total disability benefits so the Workers' Compensation Court can award the same. I admire the concern for the claimant which has resulted in

9

this construction. Clearly it is more fair than a termination of all benefits. On the other hand, I find it totally inappropriate to charge a penalty of 20% against an insurer who read the statute to mean what it says.

_____
Justice