No. 89-345

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

ED FRANCK,

Claimant and Respondent,

-vs-

NATIONAL LOG CONSTRUCTION CO.,
Employer,
and
STATE COMPENSATION INSURANCE FUND,

Defendant and Appellant.

APPEAL FROM:  The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Nancy Butler and Elizabeth A. Horsman, State Comp.
Ins. Fund, Helena, Montana

For Respondent:

Edward K. Duckworth, Ronan, Montana

Submitted on Briefs:  Oct. 25, 1989

Decided:  March 2, 1990

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The State Compensation Insurance Fund (State Fund) appeals from a declaratory ruling issued by the Workers' Compensation Court, holding that the statutory discount to present value provided for in § 39-71-741, MCA (1985), does not apply to permanent partial disability benefits. We affirm.

The sole issue raised on appeal is whether a claimant who is deemed permanently totally disabled and who seeks a lump-sum conversion of future benefits under § 39-71-741, MCA (1985), is subject to a discount of all benefits, including future partial permanent disability benefits paid as a result of the receipt of retirement social security benefits.

In March, 1986, claimant, Edward Franck, suffered an industrial injury while employed with National Log Construction Company. At that time, the employer was enrolled under Compensation Plan No. 3 of the Workers' Compensation Act and was insured by State Fund.

Claimant was deemed permanently totally disabled. State Fund accepted liability for his injuries and paid medical and disability benefits.

Claimant, who is currently 62 years old, sought a lump-sum conversion of his disability benefits pursuant to § 39-71-741, MCA (1985). Negotiations over the lump-sum conversion reached an impasse when the parties disagreed over which payments were subject to the statutory discount to present value. State Fund contended that the discount applied to claimant's permanent total disability payments as well as the 500 weeks of permanent partial benefits claimant would be paid once he attained the age of 65 and began receiving retirement social security benefits. Claimant maintained that the discount applied only to the permanent total disability payments, not to the permanent partial benefits.

2

Seeking to resolve the dispute, claimant filed a petition with the Workers' Compensation Court. Following briefing, the Court issued a declaratory ruling in favor of claimant, holding that the statutory discount did not apply to claimant's permanent partial disability benefits. The State Fund appealed to this Court.

At issue in the present case is the interplay of § 39-71-741, MCA (1985), which governs the conversion of future disability benefits into a lump-sum payment, and § 39-71-710, MCA (1985), which governs the disposition of total disability benefits upon retirement. The former statute provides as follows:

> (1) The biweekly payments provided for in this chapter may be converted, in whole or in part, into a lump-sum payment. Regardless of the date of the injury or of a prior lump-sum payment, <u>a lump-sum conversion of permanent total biweekly payments awarded or paid after April 15, 1985, must equal the estimated present value of the total unpaid permanent total biweekly payments, assuming interest at 7% per year, compounded annually,</u> unless the conversion improves the financial condition of the worker or his beneficiary, as provided in subsection (2)(b). If the estimated duration of the compensation period is the remaining life expectancy of the claimant or the claimant's beneficiary, the remaining life expectancy must be determined by using the most recent table of life expectancy in years as published by the United States national center for health statistics. (Emphasis added.)

Section 39-71-741, MCA (1985). The latter statute reads:

> If a claimant is receiving total disability compensation benefits and the claimant receives retirement social security benefits or disability social security benefits paid to the claimant are converted by law to retirement benefits, the claimant is considered to be retired and no longer in the open labor market. When the claimant is considered retired, the liability of the insurer is ended for payment of such compensation benefits. This section does not apply to permanent partial disability benefits. Medical benefits are expressly reserved to the claimant.

Section 39-71-710, MCA (1985).

In Hunter v. Gibson Products of Billings Heights, Inc. (1986), 224 Mont. 481, 730 P.2d 1139, we examined the effect of § 39-71-

710, MCA (1985), upon the disability benefits of a permanently totally disabled claimant who turned 65 and began receiving social security retirement benefits. We held that, upon retirement, the totally disabled claimant's benefits were converted to permanent partial benefits and the insurer, although no longer liable for total disability payments, remained liable for partial disability payments.

The difficulty in the present case arises from the fact that a permanently totally disabled claimant wishes to receive a lump-sum conversion of future benefits under § 39-71-741, MCA (1985). In such a situation, does the statutory discount to present value apply to both the claimant's permanent total disability benefits and the claimant's permanent partial benefits?

The question is easily resolved. The statute is unambiguous and clear on its face. While the language applicable to discounting specifically refers to permanent total biweekly payments, it makes no mention of permanent partial benefits.

> [A] lump sum conversion of permanent total biweekly payments . . . must equal the estimated present value of the total unpaid permanent total biweekly payments. . . (Emphasis added.)

Section 39-71-741, MCA (1985).

As the discounting language of the statute makes no reference to permanent partial benefits, we will not insert such a provision into the statute. Section 1-2-101, MCA. We hold that the discount to present value provided for in § 39-71-741, MCA (1985), applies only to permanent total disability payments. The discount does not apply to permanent partial disability payments even though the

4

claimant is eligible for permanent partial payments because of his status as a permanently totally disabled claimant who has reached the age of 65 and has retired.

Affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices