JUSTICE GRAY
dissenting:
I respectfully dissent from the opinion of the majority. We were bound, by the absence of a stay provision in the Workers’ Compensation Act, to deny the State Fund’s request for a stay pending appeal in this case in 1987. In my view, we also are bound by the Act’s lack of a reimbursement or restitution provision covering the situation before us to reverse the Workers’ Compensation Court’s decision requiring restitution. The Workers’ Compensation Act is a legislatively-created substitute for common law rights and remedies regarding work place injuries. It does not contain a right to restitution in the event of a judgment reversed on appeal and it is wrong for this Court to create such a right. Our role is to ascertain and declare what is contained in statutes; we are not to insert what has been omitted. Section 1-2-101, MCA. This is particularly so when we address an area of the law which is, in its entirety, a statutory creation. I do not disagree that there are arguments to be máde for allowing restitution in these circumstances. And I recognize that there are equities to be weighed in fashioning an appropriate resolution to the dilemma faced *281 by both claimants and insurers in situations such as these. But these are matters within the domain of the legislature, not this Court.
In addressing the restitution issue, it is important to note what has occurred regarding stays of Workers’ Compensation Court judgments pending appeal since this Court’s proper denial of a stay in this very case in 1987 based on an absence of statutory authority. In direct response to that decision, House Bill 154 was introduced in the 1989 Legislature; it provided for stays of workers’ compensation decisions under essentially the same terms as are available in appeals from district court decisions. House Bill 154 was enacted as Chapter 74, Laws of 1989, and is codified as § 39-71-2910, MCA. Itis my view that this is the proper means and method with which to address the issue of restitution and that the legislature is the proper forum to resolve the question.
Section 39-71-610, MCA (1985), also is instructive with regard to the restitution/reimbursement issue. That section specifically authorizes reimbursement by a claimant where an insurer has terminated benefits, that termination is disputed, the division has ordered continuation of benefits and, subsequent to a hearing, it is held that the insurer was not liable for the ordered payments. In that situation, the legislature specifically provided for reimbursement. It did not do so in the substantially similar situation before us where payment of certain benefits was disputed, payment was required via the Workers’ Compensation Court’s order, and this Court subsequently held that the insurer was not liable for the payments. It is my view that, in judicially creating an additional remedy where the legislature has not done so, this Court has overstepped its role. This is particularly true since § 39-71-104, MCA (1985), requiring liberal construction of the Act, was consistently interpreted by this Court to mandate liberal construction in favor of claimants. Hunter v. Gibson Products of Billings (1986), 224 Mont. 481, 484, 730 P.2d 1139, 1141; Sorum v. Reider (1983), 205 Mont. 98, 108, 666 P.2d 1221, 1226.
I have found no reported case in any jurisdiction in which, in a workers’ compensation setting, a court has judicially created a right to receive, and a corresponding obligation to pay, restitution for benefits properly paid but reversed on appeal. While many coruts have denied recoupment, restitution or reimbursement for overpayments at various stages of workers’ compensation proceedings,Hhe following cases address the precise issue before us.
*282 In Ransier v. State Industrial Insurance System, the worker received a lump sum award for a knee injury which was reduced on appeal. SIIS, Nevada’s equivalent to our State Fund, initiated a recoupment action for the overage and the worker asserted the absence of statutory authority. In holding against recoupment of funds properly paid pending appeal and later found unwarranted, the Supreme Court of Nevada stated:
“Chapter 616 of the Nevada Revised Statutes sets forth a comprehensive system for the compensation of industrial injuries. Because the system is uniquely legislative in nature, and alters the common law rights and liabilities of both employees and employers, we have previously refused to disturb the delicate balance created by the legislature by implying provisions not expressly included in the legislative scheme.”
Ransier v. State Industrial Insurance System (Nev. 1988), 766 P.2d 274, 276; citing Weaver v. SIIS (Nev. 1988), 756 P.2d 1195.
The Kansas case of Tompkins v. George Rinner Construction Co. (Kan. 1966), 409 P.2d 1001, is also on point. The carrier appealed an award of compensation and obtained a reversal. It then sought to “recover back” the payments made pending appeal. Interestingly, the carrier asserted the same arguments on lack of entitlement — unjust enrichment, “justice,” and general restitution principles related to payments made pursuant to judgment when the judgment is later reversed — as are asserted by the State Fund here. Holding that restitution was not available, the Supreme Court of Kansas stated:
The workmen’s compensation act establishes a procedure of its own covering every phase of the right to compensation and of the procedure for obtaining and enforcing it, which procedure is complete and exclusive in itself [citing cases].
It is logical to assume the legislature anticipated that some cases would be reversed by this court on the ground — as here — that an accidental injury did not arise “out of’ the employment and therefore compensation is to be denied — but it failed to enact any “recovery back” provision.
When the compensation case itself was here on the merits our *283 decision, above, was that the fatal accidental injury did not arise “out of’ the employment — therefore compensation was to be denied. From a purely “legalistic” standpoint it can, of course, logically be argued that under that decision claimant was entitled to no compensation in the first place — and therefore it is somewhat “shocking” to say that she should now be permitted to retain the payments made to her. We believe, however, the matter does not end there, and that in view of the provisions of the compensation act general rules relating to “restitution” have no application and that “recovery back” is not to be permitted. Nowhere in the act is there any provision authorizing a “recovery back”. If the anomalous situation presented here is to be corrected it is within the power of the legislature to do so.
Tompkins, 409 P.2d at 1003-1004.
Finally, in a case nearly identical to ours, where a compensation award was reversed because the claimant had failed to satisfy the statutory notice requirement, the Supreme Judicial Court of Maine refused to create a right to restitution not contained in its statutory workers’ compensation program. That court stated:
To attempt to resolve this question by engrafting upon the statutory scheme judicially created doctrines of restitution would involve us in the establishment of broad social policy in a field of law created by the legislature in response to legislative dissatisfaction with judicial solutions to the problems of compensation for workers injured in industrial accidents .... [W]e are asked to establish policy in this uniquely statutory field when the legislature has deliberately elected to remain silent. In the absence of an express legislative command or a clear indication of legislative intention, we leave the parties where the legislature left them.
American Mutual Ins. Co. v. Murray (Me. 1980), 420 A.2d 251, 252.
I do not suggest that these cases are controlling on this Court. It is my view, however, that they represent the correct approach to the issue before us and the result which this Court should reach. I would reverse the decision of the Workers’ Compensation Court.