No. 04-374

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 198

DOUG OTTESON,

        Petitioner and Appellant,

  v.

MONTANA STATE FUND,

        Respondent and Respondent.

APPEAL FROM:    Workers' Compensation Court, State of Montana,
                       The Honorable Mike McCarter, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                J. David Slovak and Keith D. Marr, Lewis, Slovak & Kovacich, P.C.

        For Respondent:

                Greg E. Overturf, Montana State Fund, Helena, Montana

Submitted on Briefs:  December 8, 2004

Decided:  August 16, 2005

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     Doug Otteson (Otteson) was injured in 1994 while working for a coal company in Big Horn County. Montana State Fund (State Fund) accepted liability for payment of workers' compensation benefits and has paid Otteson permanent total disability (PTD) benefits. On December 23, 2003, the State Fund paid Otteson an impairment award pursuant to *Rausch v. State Compensation Ins. Fund*, 2002 MT 203, 311 Mont. 210, 54 P.3d 25. On December 30, 2003, Otteson requested that the State Fund convert his PTD benefits to permanent partial disability (PPD) benefits upon his 65 birthday. The State Fund refused Otteson's request. Otteson then filed a petition with the Workers' Compensation Court (WCC) seeking conversion of his PTD benefits to PPD benefits. The WCC granted summary judgment to the State Fund dismissing Otteson's petition with prejudice. Otteson appeals.

¶2     We restate the issues before us as follows:

¶3     1. Did the WCC err in refusing to convert Otteson's PTD benefits to PPD benefits upon his reaching age 65?

¶4     2. Did the WCC err in denying Otteson a 20% penalty along with his costs and fees?

¶5     Otteson has made no constitutional challenge to the statutes underlying the judgment of the WCC. We affirm the WCC.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶6     In January 1994 Otteson was injured while working for Decker Coal Company. The State Fund accepted liability for his workers' compensation claim and began paying Otteson PTD benefits.

2

¶7 In December 2003 Otteson, approaching his 65 birthday, petitioned the State Fund requesting a conversion of his PTD benefits to PPD benefits. Otteson based his request on our decisions in *Hunter v. Gibson Products of Billings Heights, Inc.* (1986), 224 Mont. 481, 730 P.2d 1139, and *Russette v. Chippewa Cree Housing Auth.* (1994), 265 Mont. 90, 874 P.2d 1217. The State Fund denied his petition. In December 2003, the State Fund paid Otteson an impairment award pursuant to *Rausch,* 2002 MT 203, 311 Mont. 210, 54 P.3d 25. In March 2004 Otteson petitioned the WCC challenging the State Fund's refusal to convert his PTD benefits to PPD benefits, and also prayed for a 20% penalty against the State Fund for an unreasonable refusal of benefits, along with his attorney fees and costs. The WCC granted summary judgment to the State Fund and dismissed Otteson's petition with prejudice, concluding that Otteson was not entitled to PPD benefits and that the State Fund acted reasonably in denying such benefits. Otteson appeals.

## STANDARD OF REVIEW

¶8 Our review of a grant or denial of summary judgment by the WCC is the same as the standard used in ruling upon a motion for summary judgment; we determine whether there is an absence of genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. *Grenz v. Fire & Cas. of Connecticut*, 2001 MT 8, ¶ 10, 304 Mont. 83, ¶ 10, 18 P.3d 994, ¶ 10. Our review of the WCC's conclusions of law is plenary; we determine whether its legal conclusions are correct. *Grenz,* ¶ 10.

**DISCUSSION**

**ISSUE 1**

¶9 **Did the WCC err when it refused to convert Otteson's PTD benefits to PPD benefits upon his reaching age 65?**

¶10 Otteson argues that he is entitled to a conversion of his PTD benefits to PPD benefits in addition to his impairment award.

¶11 The State Fund denied Otteson's claimed entitlement to PPD benefits concluding that subsequent to this Court's decision in *Hunter,* 224 Mont. 481, 730 P.2d 1139, the legislature amended the Workers' Compensation Act (WCA) to preclude the conversion of PTD benefits to PPD benefits upon retirement. The WCC agreed.

¶12 Because Otteson was injured in January of 1994 the 1993 version of the WCA applies. *See Buckman v. Montana Deaconess Hosp.* (1986), 224 Mont. 318, 321, 730 P.2d 380, 382 (Workers' compensation benefits are determined by the statutes in effect on the date of the injury).

¶13 The applicable statute, § 39-71-710, MCA (1993), provides:

> (1) If a claimant is receiving disability or rehabilitation compensation benefits and the claimant receives social security retirement benefits or is eligible to receive full social security retirement benefits, the claimant is considered to be retired. When the claimant is considered retired, the liability of the insurer is ended for payment of wage supplement, permanent total disability, and rehabilitation compensation benefits. However, the insurer remains liable for temporary total disability benefits, any impairment award, and medical benefits.
> (2) If a claimant who is eligible to receive social security retirement benefits and is gainfully employed suffers a work-related injury, the insurer retains liability for temporary total disability benefits, any impairment award,

4

and medical benefits.

¶14 Otteson admits that the applicable statute, reprinted above, terminates payment of PTD benefits upon the claimant's retirement, however, Otteson argues, the statute does not prohibit the conversion of his PTD benefits to PPD benefits upon his retirement. In support of his arguments Otteson relies upon our decisions in *Russette,* 265 Mont. 90, 874 P.2d 1217, and *Hunter*, 224 Mont. 481, 730 P.2d 1139, both of which are distinguishable. In *Russette* we concluded that a claimant receiving PPD benefits at the time he began receiving social security retirement benefits was entitled to a continuation of those benefits since § 39-71-710, MCA (1987), did not exclude continuation of PPD benefits. *Russette,* 265 Mont. at 94, 874 P.2d at 1219. Here, Otteson was not receiving PPD benefits. Although Otteson apparently argues his impairment award may be characterized as a PPD benefit, such characterization is inaccurate under *Rausch. See Rausch,* ¶ 42 (concluding that because claimant was permanently and totally disabled, his impairment award, likewise, is characterized as a PTD benefit). Otteson has not received PPD benefits and *Russette* does not support Otteson's argument that he is entitled to a conversion of his PTD benefits to PPD benefits upon retirement. *See generally Russette,* 265 Mont. 90, 874 P.2d 1217.

¶15 Although the result in *Hunter* does support Otteson's position, legislative amendments to the statutory provisions applied in *Hunter* preclude conversion of Otteson's PTD benefits to PPD benefits. Because the claimant in *Hunter* was injured in May of 1984 the effective statute was the unchanged 1981 through 1985 version of § 39-71-710, MCA. *See Hunter,* 224 Mont. at 482, 730 P.2d at 1140. The 1981 through 1985 version of § 39-71-710, MCA,

provided:

> If a claimant is receiving total disability compensation benefits and the claimant receives retirement social security benefits or disability social security benefits paid to the claimant are converted by law to retirement benefits, the claimant is considered to be retired and no longer in the open labor market. When the claimant is considered retired, the liability of the insurer is ended for payment of such compensation benefits. This section does not apply to permanent partial disability benefits. Medical benefits are expressly reserved to the claimant.

¶16    This previous statutory section specifically excluded PPD benefits. Section 39-71-710, MCA (1985). When considering the question of whether or not the statute prohibited the conversion of PTD benefits to PPD benefits we noted in *Hunter* that the WCA, at that time, provided for liberal construction of the WCA. *Hunter,* 224 Mont. at 484, 730 P.2d at 1141; Section 39-71-104 (1985) (repealed in 1987). This liberal construction provision resulted in our conclusion in *Hunter* that the PTD claimant was entitled to an award of PPD benefits upon reaching the age of 65. *Hunter,* 224 Mont. at 484, 730 P.2d at 1141. However, later statutory amendments foreclose the result in *Hunter*. In 1987 the legislature repealed § 39-71-104 and amended § 39-71-105(4), MCA, to provide: "[t]itle 39, chapters 71 and 72, must be construed according to their terms and not liberally in favor of any party."

¶17    Although Otteson argues that the liberal construction provision was not dispositive to the *Hunter* result, this argument is refuted by our discussion in *Hunter* wherein we stated "[t]he Court is aware that it is stretching its mandate of liberal construction" and "liberal construction of the statute, as mandated by § 39-71-104, MCA, results in the conclusion claimant is entitled to an award of permanent partial benefits upon reaching the age of 65."

*Hunter,* 224 Mont. at 484, 730 P.2d at 1141.

¶18 Based upon the express action by the legislature in eliminating the liberal construction provision relied upon in *Hunter,* 224 Mont. 481, 730 P.2d 1139, and in amending § 39-71-710, MCA, we conclude that the WCC was correct in not converting Otteson's PTD benefits to PPD benefits upon his 65 birthday.

## ISSUE 2

¶19 **Did the WCC err in denying recovery of a 20% penalty and costs and fees?**

¶20 Having concluded that Otteson is not entitled to the benefits he seeks, we affirm the WCC's conclusion that the State Fund acted reasonably in denying Otteson's request for the conversion of his PTD benefits to PPD benefits.

## CONCLUSION

¶21 The judgment of the WCC is affirmed.


/S/ JOHN WARNER

We Concur:


/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART