No. 91-100

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

SAMUEL J. GRENZ,

  Plaintiff and Appellant,

 v.

MEDICAL MANAGEMENT NORTHWEST, INC.,
ROBERT D. SCHIMPFF, M.D., JOHN V.
STEPHENS, M.D., JOHN W. HILLEBOE, M.D.,
and EDWARD H. TRONTEL, Ph.D.,

  Defendants and Respondents.

FILED

SEP 18 1991

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Eleventh Judicial District,
      In and for the County of Flathead,
      The Honorable Robert S. Keller, Judge presiding.

COUNSEL OF RECORD:

  For Appellant:

   Samuel J. Grenz, Pro Se, Whitefish, Montana

  For Respondents:

   James R. Halverson, Herndon, Hartman, Sweeney &
   Halverson, Billings, Montana; Leonard L. Kaufman,
   Murray & Kaufman, Kalispell, Montana; James E.
   Aiken, Jardine, Stephenson, Blewett & Weaver,
   Great Falls, Montana; Todd A. Hammer, Warden,
   Christiansen, Johnson & Berg, Kalispell, Montana

       Submitted on Briefs: June 6, 1991

         Decided: September 18, 1991

Filed:

       Cle'rk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Samuel J. Grenz, pro se, brought suit against the defendants in the District Court for the Eleventh Judicial District, Flathead County, alleging fraud, professional negligence, conspiracy, and bad faith against the defendants. The defendants' motions for dismissal, which were treated as motions for summary judgment, were granted by the District Court. Grenz appealed. We affirm.

The issues on appeal are:

1. Did the District Court err in granting summary judgment for the defendants?

2. Should this Court assess sanctions/damages against the appellant?

On August 22, 1984, appellant injured his right elbow while working for the American Stud Company in Flathead County, Montana. This accident and subsequent disputes over the compensation benefits to which appellant is entitled, have been the source of a flood of litigation instituted by appellant. The various defendants in these suits have included essentially everyone even peripherally involved with appellant's claim of entitlement to benefits. Appellant has made numerous appearances in both District Court and the Workers' Compensation Court in furtherance of his claim to benefits. Additionally, excluding the present appeal, appellant has appealed to this Court on five other occasions, all involving issues arising from the same accident. Grenz v. American Stud Company and EBI/Orion Group (appeal dismissed Sept. *27,* 1989);

2

Grenz v. Orion Group (1990), 243 Mont. 486, 795 P.2d 444 (District Court's dismissal of appellant's complaint affirmed); Grenz v. Prezeau (1990), 244 Mont. 419, 798 P.2d 112 (District Court's granting of defendant's summary judgment motion affirmed); Grenz v. Stangle and Vocational Resources Inc., pending Supreme Court Cause No. 91-195; and Grenz v. Fire and Casualty Ins. Co. of Connecticut, pending Supreme Court Cause No. 91-221.

The facts pertinent to a determination of the present appeal are similar to those set out in Orion and Prezeau. At the time of appellant's injury, his employer was enrolled under Workers' Compensation Plan II. The insurer assumed liability for the injury and paid compensation and medical benefits to and for the appellant. Appellant received temporary total disability benefits.

In June 1987, the law firm of Garlington, Lohn and Robinson (GLR) was hired by the insurer to review appellant's claim. Mr. Daue, a partner in GLR assumed responsibility for the file. On January 19, 1988, Mr. Daue, pursuant to § 39-71-605, MCA, requested appellant undergo a physical examination for the purpose of evaluating his disability and the feasibility of his returning to work. Appellant did not contest the insurer's right to require him to submit to such an evaluation. Mr. Daue made arrangements with Medical Management Northwest, Inc. (MMN) to assemble and coordinate a panel of physicians and medical care specialists to carry out the examination. MMN is designed to provide parties involved with medical or legal issues a source of expert, impartial evaluations

3

of medical conditions.  MMN accomplishes this task by assembling a multi-specialty panel of physicians to examine the individual in question.   In February 1988, defendant doctors Schimpff (neurologist), Stephens (physical medicine and rehabilitation), Hilleboe (orthopedic surgeon) and Trontel (clinical psychologist), all participated in the examination/evaluation of appellant at the request of MMN. A panel report, written primarily by Dr. Stephens, summarized and consolidated the results of the various examinations.   The panel made several findings concerning appellant's physical condition and the feasibility of future employment.

Following the panel's written report appellant sent a letter to the insurer detailing numerous objections, including:  (1) the Panel's diagnosis overlooked many of his work-related injuries; (2) the examination did not properly address his mental and emotional state; (3) he was not informed by his attorney of the need for obtaining various records and x-rays; and **(4)** one of the physicians had consulted records of appellant obtained from his associate without appellant's consent.

On the basis of extensive medical, psychological, and vocational data that had been received, Mr. Daue recommended to the insurer that appellant's benefits be reduced from temporary total disability to permanent partial disability.  On August **24**, 1988, appellant's benefits were reduced as recommended.

Subsequent to the reduction in his benefits, appellant requested a mediation of his claim. The mediation was held and ultimately appellant's temporary total disability benefits were reinstated on December 15, 1988, retroactive to August 24, 1988.

Appellant filed a complaint on January 29, 1990, in which he made the following allegations against the defendants:

> [D]efendants, [members of the panel] individually and/or collectively, limited there (sic) evaluation/examination of the plaintiff to such an extent as to deny him the . . . [benefits to which he was entitled].

> Defendants, individually and/or collectively, during such time as before mentioned, with actual fraud and/or malice, conspired and/or neglected there (sic) legal and/or moral and/or professional responsibility, within the scope of there (sic) profession to the Plaintiff.

> . . . . Defendants, knowingly and willingly, partook in and/or contributed to such activities as to endanger the Plaintiff and/or his interest. Furthermore, such bad faith and/or tortious conduct contributed to Plaintiffs' present condition of Permanent Total Disability.

I.

Did the District Court err in granting defendants' motions for summary judgment?

Initially all defendants made motions to dismiss the complaint. Defendant Trontel then moved for summary judgment. The District Court heard oral argument on the motions and also considered additional matters outside of the pleadings. Inasmuch, the motions to dismiss pursuant to Rule 12(b)(6), M.R.Civ.P., were treated as motions for summary judgment under Rule 56, M.R.Civ.P.

The District Court granted defendants' motions for summary judgment.

Summary judgement is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. Initially, the moving party must show the absence of genuine factual issues. To prevail, the non-moving party must set forth facts demonstrating that a genuine issue exists. O'Bagy v. First Interstate Bank of Missoula (1990), 241 Mont. 44, 46, 785 P.2d 190, 191. The Court is under no duty to anticipate proof to establish a material or substantial issue of fact. Tucker v. Trotter Treadmills: Inc. (1989), 239 Mont. 233, 235, 779 P.2d 524, 525. The standard that this Court applies in reviewing a grant of summary judgment is the same as that initially utilized by the trial court under Rule 56, M.R.Civ.P. McCracken v. City of Chinook (1990), 242 Mont. 21, 24, 788 P.2d 892, 894.

Appellant alleges in his complaint conspiracy by the defendants: committed during their panel examination. To prove civil conspiracy in Montana the following elements are required: (1) Two or more persons, and for this purpose, a corporation is a person: (2) an object to be accomplished: (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof. Duffy v. Butte Teachers' Union No. 332 (1975), 168 Mont. 246, 251, 541 P.2d 1199, 1202. Additionally, this Court stated in Duffy "that it is not really the conspiracy which gives rise to a right of

action, but the torts which may be committed in furtherance thereof." <u>Duffy</u>, 541 P.2d at 1202. Appellant contends the respondents agreed prior to the evaluation to act so as to deprive him of the benefits he was receiving at the time. Aside from his naked allegations there is absolutely no evidence of any conspiracy. The record is barren of any evidence of either an unlawful act or object by the respondents, or of any damages to appellant. The evidence merely indicates that the respondents examined appellant at the request of the insurer pursuant to § 39-71-605, MCA. The District Court found appellant failed to show the existence of any tort or conspiracy. We agree.

In his complaint, appellant alleges fraud on the part of the respondents, without setting forth any factual allegations with respect to the nine elements this Court has indicated are required to prove fraud. Lee v. Armstrong (1990), 244 Mont. 289, 293, 798 P.2d **84**, 87. More important than the technical inadequacy of the pleading is the finding by the District Court that appellant failed to produce any evidence supporting his claim for fraud. We agree. The record is completely devoid of any evidence concerning fraud.

Appellant also claimed a cause of action based on the tort of bad faith. As this Court has previously stated, the tort of bad faith applies only in exceptional circumstances. Story v. City of Bozeman (1990), 242 Mont. 436, 451, 791 P.2d 767, 776. Absent a specific statutory provision providing for a bad faith claim, or a contract between the parties involving a special relationship as

7

described in Story, no cause of action will lie. There is no specific statutory basis for the claim in this instance. Additionally, there was no special relationship between the parties. In fact, there was not even a contract. We affirm the District Court's grant of summary judgment on this issue.

Finally, appellant's claims of professional negligence must also fail. There is no evidence of negligence anywhere in the record.

The proper course of action for an aggrieved worker in these circumstances was set forth by this court in Grenz, 798 P.2d 112, 115. There we indicated that "[s]hould a medical examination result in denial or reduction of benefits, the claimant can challenge the insurer's action through a mediation procedure or in a hearing before the workers' compensation judge." Appellant followed this procedure and his benefits were retroactively restored in full. The restoration of his benefits should have been the end of litigation over this matter.

## II.

Should this Court assess damages/sanctions against the appellant?

The issue of sanctions has been raised on appeal. A request for damages for having to defend against an appeal without merit is governed by Rule 32, M.R.App.P., which states:

> If the supreme court is satisfied from the record and the presentation of the appeal in a civil case that the same was taken without substantial or reasonable grounds, such

damages may be assessed on determination thereof as under the circumstances are deemed proper.

It is clear the appellant is frustrated at not obtaining all the benefits to which he feels entitled.  It is also true, as the appellant's brief argues, that the courts of this state should be freely open to citizens of the state who seek determination or enforcement of their legal rights.  However, this access to the courts is not without limits.  The judicial resources of the state are finite and must by used efficiently.  Additionally, individuals must be protected from having to spend their time, energy, and money defending themselves against claims without merit.  AS discussed above, the appellant has instituted litigation concerning his claim for benefits against nearly every conceivable party involved.  His claims have been summarily rejected at the District Court level and he has appealed in every instance.  We find the present appeal to have been taken without substantial or reasonable grounds.  Further appeals to this court regarding these settled matters will result in an award of damages against appellant.

The District Court's grant of summary judgment to the respondents is affirmed.

William E. Hunt
Justice

We concur:

_____
          Chief Justice

_____

_____
          Justices

Justice John Conway Harrison concurring in part and dissenting in part.

I concur in the majority's opinion affirming the District Court's grant of summary judgment to the defendants; however, I dissent to this Court's holding of not assessing sanctions/damages against the appellant, Samuel J. Grenz.

Samuel **3.** Grenz is not an unfamiliar litigant to this Court or to the District Court of the Eleventh Judicial District, Flathead County. At the present time, this Court has four current or "open" cases pending our decision involving Samuel J. Grenz as the appellant; and four decided or "closed" cases involving Samuel J. Grenz as the appellant. The respondents in these appeals brought by Samuel J. Grenz have been required to hire counsel and go through the painful procedure required in the appeal's process.

Rule 32, M.R.App.P., as stated in the majority opinion, notes that "If the supreme court is satisfied from the record and the presentation of the appeal in a civil case that the same was taken without substantial or reasonable grounds, such damages may be assessed . . . ." After reviewing the record concerning Samuel J. Grenz, I am certainly satisfied and find it proper to assess sanctions/damages against Samuel J. Grenz in the amount of $250 and would so hold.

_____
Justice

11

September 18, 1991

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Samuel J. Grenz
104 Colorado Ave.
Whitefish, MT 59937

Leonard L. Kaufman
Murray & Kaufman
P.O. Box 728
Kalispell, MT 59903

James E. Aiken
Jardine, Stephenson, Blewett & Weaver
P.O. Box 2269
Great Falls, MT 59403

James R. Halverson
Herndon, Hartman, Sweeney & Halverson
P.O. Box 20697
Billings, MT 59104

Todd A. Hammer
Warden, Christiansen, Johnson & Berg
P.O. Box 3038
Kalispell, MT 59903-3038

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy