No.   92-286

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

SAMUEL J. GRENZ,

     Claimant and Appellant,

-vs-

FIRE AND CASUALTY OF CONNECTICUT,

     Defendant and Respondent.

APPEAL FROM:   The Workers' Compensation Court,
                 The Honorable Timothy W. Reardon, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Samuel J. Grenz, Pro Se, Stevensville, Montana

     For Respondent:

          Terry G. Spear, Matovich, Addy & Keller; Billings,
          Montana

FILED

NOV 5 - 1992

Filed:  *Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Submitted on Briefs:   October 22, 1992

Decided: November 5, 1992

Justice Karla M. Gray delivered the Opinion of the Court.

Claimant Samuel J. Grenz appeals from a May 14, 1992, order of the Workers' Compensation Court dismissing with prejudice consolidated cause WCC No. 9202-6378 on res judicata grounds. We reverse.

Samuel Grenz injured his right elbow while working for the American Stud Company in Flathead County, Montana, on August 22, 1984. That accident and related claims have resulted in eight prior appeals by Grenz to this Court, three in 1991 alone. In each case, we affirmed the district court's or Workers' Compensation Court's action rejecting Grenz's claims.

Subsequent to our last decision, Grenz filed new claims. These claims were consolidated as cause WCC No. 9202-6378. The claim specifically at issue here is Grenz's assertion that his current degenerative arthritis was caused by work-related micro-trauma separate and apart from, and subsequent to, the August 1984 injury. Fire and Casualty of Connecticut (the insurer) denied liability on the basis that the claim was not filed timely and later moved the Workers' Compensation Court to dismiss Grenz's petition with prejudice.

The insurer asserted two arguments in its motion to dismiss: first, that the micro-trauma claim was barred by res judicata; and second, that the claims were barred because not filed timely. The Workers' Compensation Court applied res judicata in granting the motion to dismiss. It did not address whether the claims are time barred.

2

The sole issue we address is whether the Workers' Compensation Court erred in concluding that res judicata bars the micro-trauma claim.

The court correctly set forth the four substantive criteria which must be met for the doctrine of res judicata to apply: (1) the parties or their privies must be the same; (2) the subject matter of the action must be the same; (3) the issues must be the same and relate to the same subject matter; and (4) the capacities of the persons must be the same in reference to the subject matter and to the issues. Whirry v. Swanson (Mont. 1992), 836 P.2d 1227, 49 St.Rep. 764; Phelan v. Lee Blaine Enterprises (1986), 220 Mont. 296, 716 P.2d 601. Applying the elements to the claim before it, the Workers' Compensation Court determined that the lack of causal connection between claimant's current condition and his work has been adjudicated previously and finally in Grenz v. Fire and Cas. of Connecticut (1991), 250 Mont. 373, 820 P.2d 742. We disagree.

The issue in Grenz was whether the Workers' Compensation Court erred in ruling that claimant was not permanently totally disabled "as a result of his August 22, 1984, right elbow injury." 250 Mont. at 378, 820 P.2d at 745. Our holding was specific:

> After reviewing the entire record in this case, we hold that there is substantial credible evidence to support the Workers' Compensation Court's finding that the claimant failed to establish a causal connection between his current physical condition and his 1984 right elbow injury. . . . [A] causal connection between the claimant's current physical problems and his 1984 right elbow injury is not present.

Id. at 380, 820 P.2d at 746 (emphasis added). On the basis of this

3

lack of causal connection to the injury on which Grenz's claim was grounded, we determined that "the Workers' Compensation Court correctly concluded that the claimant is not permanently totally disabled." Id. Thus, while Grenz finally and conclusively determined the lack of causal connection between the 1984 injury and claimant's current condition, it did not address or determine the question of causal connection between his condition and any alleged compensable event or events occurring subsequent to that time.

Claimant did attempt to raise the micro-trauma issue on appeal in Grenz. The insurer argued that Grenz was asserting a different theory on appeal than was presented to the Workers' Compensation Court. We agreed, stating "[o]ur review of the record shows that the claimant admitted at trial that the sole basis for his claim to benefits in that proceeding was his 1984 injury." Id. at 379, 820 P.2d at 746 (emphasis added). We then refused to address the micro-trauma theory, stating:

> [O]n appeal, we will consider only whether the Workers' Compensation Court properly determined that the claimant failed to establish a causal connection between his current physical condition and his August 22, 1984, right elbow injury and, therefore, was not permanently totally disabled as a result of the 1984 injury.

Id. at 379-80, 820 P.2d at 746.

Grenz does not support the Workers' Compensation Court's determination that lack of causal connection between claimant's current condition and any and all work-related events was established therein. The criteria necessary for application of res judicata not being met, we conclude that the Workers' Compensation

4

Court erred in dismissing Grenz's micro-trauma claim on the basis of res judicata.

It is appropriate to note here that we sympathize with the frustration and expense these proceedings have caused all involved. Indeed, we previously have expressed our concern over the multiplicity of claimant's proceedings and the overall "cost" of those proceedings to the finite resources of the judicial system. See Grenz v. Medical Management Northwest (1991), 250 Mont. 58, 64, 817 P.2d 1151, 1155. We reiterate that concern here; it has not lessened. We must be ever vigilant, however, in ensuring that human propensities to frustration over seemingly endless litigation do not result in less than the full and fair consideration on legal principles to which litigants are entitled in Montana's courts.

Reversed and remanded with instructions to the Workers' Compensation Court to proceed to a determination of the insurer's alternative basis for its motion to dismiss, namely, that Grenz's latest claims are time barred.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

November 5, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Samuel J. Grenz
P.O. Box 444
Stevensville, MT  59870

Terry G. Spear
Attorney at Law
2812 First Ave. No., 225 Petroleum Bldg.
Billings, MT  59101

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy