NO. 93-232

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

SAMUEL J. GRENZ,

    Petitioner and Appellant,

-vs-

FIRE AND CASUALTY OF CONNECTICUT,

    Respondent and Respondent.

FILED
AUG 17 1993
Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   Montana Workers' Compensation Court
             The Honorable Timothy **Reardon,** Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

           Samuel J. **Grenz,** Pro Se, Stevensville, Montana

        For Respondent:

           Terry Spear, Matovich, Addy & Keller, P.C.,
           Billings, Montana

                      Submitted on Briefs:  August 5, 1993

                                Decided:  **August 17, 1993**

Filed:

                            Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Claimant Samuel Grenz appeals from an order of the Workers' Compensation Court dismissing his petition for workers' compensation benefits. We affirm.

The dispositive issue on appeal is whether the Workers' Compensation Court erred in concluding that the one-year statute of limitations barred Grenz' workers' compensation claim for disabilities allegedly resulting from a series of microtraumas.

In 1984, Samuel Grenz injured his right elbow while working for the American Stud Company (American Stud) in Flathead County, Montana. He continued his employment with American Stud until 1985. American Stud's insurer, Fire and Casualty of Connecticut (F&C), paid disability and medical benefits for the bumped elbow until 1991.

With the 1984 injury began a seemingly endless stream of litigation that has resulted in multiple appeals to this Court and innumerable proceedings in the Workers' Compensation Court. For purposes of this opinion, we need address only the recent procedural and factual history of this case.

In 1991, this Court affirmed the Workers' Compensation Court's determination that Grenz was not permanently totally disabled as a result of his 1984 elbow injury. Grenz v. Fire and Cas. of Connecticut (1991), 250 Mont. 373, 380, 820 P.2d 742, 746 (hereafter Grenz I, although it was not, in fact, the first Grenz appeal). We concluded that Grenz had failed to prove the causal connection between his degenerative arthritis and the 1984 elbow

2

injury.  <u>Grenz I</u>, 820 **P.2d** at 746.

In <u>Grenz I</u>, Grenz also attempted to argue on appeal that his degenerative arthritis was caused by a series of **"microtraumas"** associated with the heavy lifting, jarring, and vibrations of the machinery at his employment: these microtraumas, he asserted, were suffered subsequent to and separately from his 1984 elbow injury. We refused to consider this argument as Grenz had not raised in it the **Workers'** Compensation Court.  To the contrary, Grenz had steadfastly maintained that the 1984 elbow injury was his only basis for compensation.  <u>Grenz I</u>, 820 **P.2d** at 746.

Following <u>Grenz I</u>, Grenz filed a new claim for workers' compensation benefits, asserting that his arthritis was caused by microtraumas, separate and apart from, and subsequent to, the 1984 elbow injury.  F&C moved to dismiss the petition, arguing that Grenz' claim was barred by res judicata or, alternatively, by the one-year statute of limitations of the Workers' Compensation Act. The Workers' Compensation Court granted **F&C's** motion on the basis of res judicata.  Grenz appealed.

In Grenz v. Fire and Cas. of Connecticut **(1992),** 255 Mont. 121, 124, 841 **P.2d** 494, 496 (<u>Grenz II</u>), we reversed the Workers' Compensation Court's determination that his microtrauma claim was barred by res judicata, and remanded with limiting instructions:

> Reversed and remanded with instructions to the Workers' Compensation Court to proceed to a determination of the insurer's alternative basis for its motion to dismiss, namely, that **Grenz's** latest claims are time barred.

On remand, the hearing examiner determined that Grenz had not filed his new claim within one year after he had stopped working

for American Stud in 1985 and, therefore, he had not complied with § 39-71-601, MCA (1983). Thus, the hearing examiner ordered the dismissal of Grenz' new claim. The Workers' Compensation Court adopted the hearing examiner's order on April 21, 1993. Grenz appeals.

Did the Workers' Compensation Court err in concluding that the one-year statute of limitations barred Grenz' workers' compensation claim for disabilities allegedly caused by a series of microtraumas?

Grenz raises several interrelated challenges to the Workers' Compensation Court's application of the statute of limitations. In reviewing conclusions of law of the Workers' Compensation Court, we determine if the court's interpretation of the law is correct. Grenz I, 820 P.2d at 745; Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 475, 803 P.2d 601, 603.

The statute of limitations which governs this issue provides as follows:

> (1) In case of personal injury or death, all claims shall be forever barred unless presented in writing to the employer, the insurer or the division, as the case may be, within 12 months from the date of the happening of the accident, either by the claimant or someone legally authorized to act for him in his behalf.
> . . . .

Section 39-71-601, MCA (1983). The statute unequivocally requires that claims be presented in writing within twelve months of the accident. Grenz concedes that his microtrauma "accidents" occurred during his period of employment with American Stud, employment which ended in 1985. He did not file his claim for benefits until 1992. Thus, it is undisputed that Grenz failed to comply with the requirements of the Workers' Compensation Act's statute of

limitations. We turn, therefore, to his various arguments against the application of § 39-71-601, MCA (1983), to his situation.

REPORTING OF ARTHRITIS TO EMPMYER

Grenz first claims that he reported his work-related microtrauma injuries to his employer within the statutory period. He asserts that he reported pain in his other joints to his treating physician in 1984, who, in a note to Grenz' employer, recommended that Grenz perform lighter work because of his degenerative arthritis. Grenz points to two other situations in which he claims he informed his employer that he was suffering from arthritis or that his work was aggravating his degenerative condition.

Grenz' actions do not satisfy the requirements of the statute of limitations. Section 39-71-601, MCA, requires the claimant to present the claim in writing within the one-year time period; nowhere does Grenz allege that he completed any type of paperwork concerning this independent injury until 1992.

Second, during the time in question, Grenz steadfastly maintained that his arthritis was caused by, and derivative from, his elbow injury of August 1984. Indeed, in Grenz' statement of facts to this Court, he states that "the different way he performed his work in order to compensate for the bumped elbow may have been the cause of these other joint problems." In Grenz I, we quoted from Grenz' trial testimony in which he stated:

"Q. Your injury occurred in 1984?
"A. Right.
"Q. That's the only industrial injury you claim; is that right?
"A. Right. . . "

5

Grenz I, 820 P.2d at 746. Therefore, although Grenz may have "informed" his employer that he was suffering from arthritis within the one-year period, he does not point to any evidence by which he informed his employer that he was suffering from arthritis caused by microtrauma injuries separate and apart from the elbow injury. Be continuously maintained that the bumped elbow was the source of his arthritis.

The requirements of § 39-71-601, MCA, are mandatory, and compliance with the time limits is essential to the action. Wassberg v. Anaconda Copper Co. (1985), 215 Mont. 309, 315-16, 697 P.2d 909, 913. We conclude that Grenz did not satisfy § 39-71-601, MCA (1983), by informing his employer that he was suffering from degenerative arthritis caused by microtrauma injuries separate from and subsequent to his right elbow injury.

EQUITABLE ESTOPPEL

Grenz next argues that F&C should be equitably estopped from relying on the statute of limitations, citing Scott v. Utility Line Contractors (1987), 266 Mont. 154, 734 P.2d 206, and Weigland v. Anderson-Meyer Drilling Co. (1988), 232 Mont. 390, 758 P.2d 260. Scott and Weialand are inapplicable to the case before us.

In both cases, the claimant failed to present his claim within the one-year statutory period but assisted the employer in preparing the Employer's First Report within the time period. Scott, 734 P.2d at 208; Weisland, 758 P.2d at 262. We concluded in both cases that the Employer's First Report contained ample information to inform the employers of the nature and basis of the

6

**workers' potential** claims. The report satisfied the purpose behind § 39-71-601, MCA, which is to give the employer written notice of the worker's claims within twelve months of the injury or accident in order to allow the employer to investigate the claim and, if necessary, prepare a defense. <u>Scott</u>, 734 **P.2d** at 208; <u>Weialand</u>, **758 P.2d** at 262.

Grenz did not assist his employer in completing an Employer's First Report of a new and separate microtrauma-based injury; in fact, he did nothing that would have alerted the employer to this new cause of his degenerative arthritis. As stated above, throughout this period, Grenz insisted that the arthritis was caused by his elbow injury. It was only after he had lost his case concerning the elbow injury in 1991 that he asserted that the arthritis was caused by a series of microtraumas unrelated to the elbow injury. The employer and insurer were completely unable to investigate the **claim** and prepare a defense to the microtrauma injury until 1992, seven years after Grenz had ceased working at American Stud. The equitable estoppel principles from <u>Scott</u> and <u>Weigland</u> simply have no application here.

In another twist to his estoppel argument, Grenz claims that F&C waived its right to deny his claim for benefits because it paid medical benefits for treatment of his arthritis. We find no merit to this argument. As explained in <u>Grenz I</u>, F&C accepted liability for Grenz' disabilities resulting from his bumped elbow and paid benefits to Grenz only for disabilities resulting from the bumped elbow. <u>Grenz I,</u> **820 P.2d** at 747. We also emphasized in <u>Grenz I</u> that under § 39-71-608, MCA **(1983), F&C's** payment of benefits <u>did</u>

7

**not** waive its right to subsequently assert nonliability for conditions not related to the elbow injury. Grenz I, 820 **P.2d** at 747. Thus, we conclude that F&C has not waived its right to deny liability for the unrelated, microtrauma-based injuries now claimed by Grenz.

As a third aspect to his estoppel theory, Grenz claims that F&C **"knew** of **Grenz's** degenerative condition and . . . **[a]t** no time did they inform Grenz or his attorney of the need to file or modify his claim, though the evidence clearly shows that the Respondent knew of **Grenz's** seeking medical care for his degenerative condition." He also claims that because he was functionally illiterate, he is entitled to more leniency. We disagree.

Faced with a similar argument in Wassberg, we emphasized:

> . . . the duty is upon the claimant to file his claim, not upon the insurer to solicit claims. The Workmen's [sic] Compensation Act has not changed the principle that he who asserts a right has the burden of proof or the burden of proceeding.

Wassberg, 697 **P.2d** at 915. The employer has no duty to pursue the employee's claim for him. Wassberg, 697 **P.2d** at 916. As in Wassberg, Grenz was cognizant of the availability of a compensation claim; he had participated in the process before. Regarding his asserted illiteracy, we note that Grenz initially obtained workers' compensation benefits for his elbow injury beginning in 1984 and has become quite familiar with the procedures involved. We also note the reams of judicial papers which Grenz has filed as a very competent pro se litigant in the process of this protracted litigation. F&C had no duty to inform Grenz of his duty to assert a separate claim.

8

We conclude that, under any form of equitable estoppel, the statute of limitations is not tolled in this case.

BREACH OF TRUST

Lastly, Grenz asserts that **F&C** stood in a trust relationship with Grenz and that **F&C** breached that trust in handling his workers' compensation claim. In Grenz II, this Court specifically limited the issues on remand:

> Reversed and remanded with instructions to the Workers' Compensation Court to proceed to a determination of the insurer's alternative basis for its motion to dismiss, namely, that **Grenz's** latest claims are time barred.

Grenz II, 841 **P.2d** at 496. Given that explicit mandate, Grenz was precluded from raising the new issue of breach of trust on remand and, therefore, the issue is not properly before this Court.

We conclude that the **Workers'** Compensation Court did not err in dismissing Grenz' petition for **Workers'** Compensation benefits based on his failure to comply with the statute of **limitations.**

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

9

August  17,  1993

## CERTIFICATE  OF  SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following   named:


Samuel J. Grenz
P.O.  Box  444
Stevensville, MT 59870


Terry  Spear
Attorney  at  Law
225 Petroleum Bldg., 2812 First Ave. No.
Billings,  .MT   59101


ED  SMITH
CLERK  OF  THE  SUPREME  COURT
STATE  OF  MONTANA

BY:_____
   Deputy