Grenz v. Fire & Casualty of Conn.
Decided Feb. 18, 1999
(NOT TO BE CITED AS AUTHORITY)

No. 97-503

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 35N

SAMUEL L. GRENZ,

Petitioner and Respondent,

v.

FIRE AND CASUALTY OF CONNECTICUT,

Respondent and Appellant.

APPEAL FROM:   Workers' Compensation Court,

The Honorable Mike McCarter, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Joe C. Maynard and David M. Wagner; Crowley,

Haughey, Hanson, Toole & Dietrich; Billings,

Montana

For Respondent:

Samuel J. Grenz, Pro Se, Stevensville, Montana

Submitted on Briefs: December 11, 1997

Decided: February 18, 1998

Justice Regnier delivered the opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Fire & Casualty of Connecticut appeals from an order of the Workers' Compensation Court reversing the Montana Department of Labor and Industry's decision that Grenz's 1984 elbow injury claim for occupational disease benefits was barred by res judicata. We affirm.

¶3 The sole issue on appeal is whether the Workers' Compensation Court erred in concluding that Grenz's 1984 claim for occupational disease benefits was not barred by res judicata.

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 On August 22, 1984, Samuel J. Grenz injured his right elbow while working on a steel railing for his employer, American Stud Company. Within a week of his injury, Grenz filed a claim for workers' compensation benefits ("1984 claim") and sought treatment. The insurer, Fire & Casualty of Connecticut ("F&C"), accepted liability for the right elbow injury and paid compensation and medical benefits.

¶5 Grenz's 1984 injury "began a seemingly endless stream of litigation that has resulted in multiple appeals to this Court and innumerable proceedings in the Workers' Compensation Court." Grenz v. Fire and Casualty of Connecticut (1993), 260 Mont. 60, 61, 857 P.2d 730, 731 (Grenz III ). We need not, however, address each of Grenz's prior claims for the purposes of this opinion.

¶6 In 1991, this Court affirmed a decision of the Workers' Compensation Court that determined Grenz's degenerative arthritis and psychological problems were not causally related to his 1984 injury and denied his claim for permanent total disability benefits. Grenz v. Fire and Casualty of Connecticut (1991), 250 Mont. 373, 820 P.2d 742 (Grenz I ). Following this decision, Grenz filed a claim alleging that his degenerative arthritis was caused by work-related microtrauma unrelated and subsequent to the August 1984 injury. The Workers' Compensation Court dismissed the claim on res judicata grounds. We reversed and remanded, holding that the issue presented by Grenz's claim was not the same issue decided in Grenz I. Grenz v. Fire and Casualty of Connecticut (1992), 255 Mont. 121, 841 P.2d 494 (Grenz II ). Upon remand, the Workers' Compensation Court determined that Grenz's microtrauma claim was time barred. In 1993, this Court affirmed the decision of the Workers' Compensation Court. Grenz III, 260 Mont. at 66, 857 P.2d at 734.

¶7 Grenz had also filed an Occupational Disease claim in which he sought benefits for his degenerative arthritis condition. This claim was based on microtrauma occurring subsequent to the elbow injury. The Workers' Compensation Court affirmed the decision of the hearing examiner, which concluded that this claim was time barred. Again, we affirmed the decision of the Workers' Compensation Court. Grenz v. Fire and Casualty of Connecticut (1996), 278 Mont. 268, 924 P.2d 264 (Grenz IV).

¶8 This leads us to the present case. On November 12, 1996, Grenz filed another petition with the Montana Department of Labor and Industry. In his petition, he alleged that he is entitled to occupational disease benefits under his 1984 claim for compensation. On December 27, 1996, the Department entered an order dismissing Grenz's petition on the grounds that this Court had previously decided the issue in Grenz IV. The Department also restricted Grenz's pro se filings.

¶9 Grenz appealed the Department's decision to the Workers' Compensation Court. The court determined that our decision in Grenz IV did not bar Grenz's most recent petition and remanded the case to the Department for further proceedings.

¶10 F&C now appeals the decision of the Workers' Compensation Court.

## DISCUSSION

¶11 Did the Workers' Compensation Court err in concluding that Grenz's 1984 claim for occupational disease benefits was not barred by res judicata?

¶12 We review the Workers' Compensation Court's conclusions of law to determine whether they are correct. CNA Ins. Cos. v. Dunn (1995), 273 Mont. 295, 298, 902 P.2d 1014, 1016; Stordalen v. Ricci's Food Farm (1993), 261 Mont. 256, 258, 862 P.2d 393, 394. We review the Workers' Compensation Court's findings of fact to determine whether substantial evidence supports the findings. Wunderlich v. Lumbermens Mut. Casualty Co. (1995), 270 Mont. 404, 408, 892 P.2d 563, 566 (citing Smith v. United Parcel Service (1992), 254 Mont. 71, 75, 835 P.2d 717, 720).

¶13 F&C argues that the Workers' Compensation Court erred in reversing the decision of the Department dismissing Grenz's claim for occupational disease benefits. Specially, F&C argues that the Workers' Compensation Court erred when it held that no court has addressed whether Grenz's 1984 elbow injury claim also encompassed a separate and independent claim for occupational disease benefits. F&C contends that this Court's decisions in Grenz I, Grenz III, and Grenz IV operate to bar Grenz's current claim on the basis of res judicata.

¶14 Grenz counters that in 1984 the Department did not make a distinction between an occupational disease and an industrial injury in resolving the 1984 claim. He asserts that the Department only focused on the elbow injury as an industrial injury. Therefore, he argues the he may still pursue occupational disease benefits under the 1984 claim.

¶15 The doctrine of res judicata bars the relitigation of a claim once a final judgment has been entered. Holtman v. 4-G's Plumbing and Heating, Inc. (1994), 264 Mont. 432, 872 P.2d 318. Finality is accorded to the disposition of all issues that were

raised or that could have been raised; a party, therefore, is prohibited from relitigating a claim that he or she has already had an opportunity to litigate. Loney v. Milodragovich, Dale & Dye, P.C. (1995), 273 Mont. 506, 510, 905 P.2d 158, 161. The following four elements must be satisfied in order to apply the doctrine of res judicata: (1) the parties or their privies must be the same; (2) the subject matter of the action must be the same; (3) the issues must be the same and relate to the same subject matter; and (4) the capacities of the persons must be the same in reference to the subject matter and to the issues. Holtman, 264 Mont. at 436, 872 P.2d at 320.

¶16  Applying the elements to the claim before it, the Workers' Compensation Court  determined that the doctrine of res judicata did not bar Grenz's 1996 petition for occupational disease benefits relating to his 1984 claim. We agree.

¶17  Grenz's petition asserts that his 1984 claim constituted both a claim for his elbow injury and a separate claim for occupational disease benefits due to microtrauma suffered at work prior to his elbow injury. In Grenz I, this Court determined that Grenz's degenerative arthritis was not causally related to his 1984 elbow injury. Grenz I, 250 Mont. at  379-80, 820 P.2d at 746. That decision did not address whether Grenz's degenerative arthritis was an occupational disease related to his work at American Stud Company prior to the 1984 elbow injury.

¶18  Furthermore, our decisions in Grenz III and Grenz IV did not relate to Grenz's 1984 claim. In Grenz III, Grenz was requesting compensation under the Workers' Compensation Act for microtrauma occurring after the 1984 elbow injury. The microtrauma claim was filed in 1991 and was separate from the 1984 claim. We determined that the 1991 claim was barred by the statute of limitations because Grenz did not timely file. Grenz III, 260 Mont. at 66, 857 P.2d at 733-34. Also in 1993, Grenz was pursuing occupational disease benefits based upon microtrauma occurring subsequent to the 1984 elbow injury. In Grenz IV, 278 Mont. at 273, 924 P.2d at 267, we determined that  this claim was also time barred.

¶19  No decision by this Court has considered whether Grenz is entitled to occupational disease benefits for microtrauma suffered at work prior to his injury under his 1984 claim for compensation.  Therefore, we determine that the doctrine of res judicata does not bar Grenz from proceeding with his claim.

¶20  Also, whether the doctrine of estoppel applies to bar Grenz's petition is not a matter currently before this Court.  In the Department proceeding, F&C did not argue that estoppel barred Grenz's petition.  Moreover, the hearing officer's December 27, 1996, order dismissing Grenz's claim did not address the issue.

¶21  We conclude that the Workers' Compensation Court did not err in concluding that Grenz's 1996 petition relating to his 1984 claim for occupational disease benefits was not barred by res judicata.

¶22  Affirmed.

JUSTICE REGNIER
CHIEF JUSTICE TURNAGE, JUSTICES NELSON, HUNT and LEAPHART concur.