No. 00-595

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 8

SAMUEL J. GRENZ,

Petitioner and Appellant,

v.

FIRE & CASUALTY OF CONNECTICUT,

Respondent and Respondent.

APPEAL FROM: Workers' Compensation Court, State of Montana

The Honorable Mike McCarter, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Samuel J. Grenz (pro se), Stevensville, Montana

For Respondent:

Neil Keefer, Crowley, Haughey, Hanson, Toole & Dietrich, PLLP,

Billings, Montana

Submitted on Briefs: November 9, 2000
Decided: February 14, 2001

Filed:

_____

Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Samuel J. Grenz appeals *pro se* from the order granting summary judgment in favor of Fire & Casualty of Connecticut ("F&C") issued by the Workers' Compensation Court. We affirm.

## BACKGROUND

¶2 The following facts are taken from our previous decisions in the "seemingly endless stream of litigation that has resulted in multiple appeals to this Court and innumerable proceedings in the Workers' Compensation Court." *Grenz v. Fire and Casualty of Connecticut* (1993), 260 Mont. 60, 61, 857 P.2d 730, 731 ("*Grenz III*" ). We need not address each of Grenz's prior claims for the purposes of this opinion.

¶3 On August 22, 1984, Grenz injured his right elbow while working on a steel railing for his employer, American Stud Company. Within a week of his injury Grenz filed a claim for workers' compensation benefits and sought treatment from Dr. Ken McFadden. American Stud's insurer, F&C, accepted liability for the right elbow injury and paid compensation and medical benefits. On December 31, 1984, and again on January 29, 1985, Grenz consulted his treating physician, Dr. Ronald A. Miller, concerning his discomfort in both elbows, wrists, hands, and his cervical, thoracic, and lumbar spine. Dr. Miller diagnosed Grenz with degenerative arthritis of his fingers, wrists, and shoulders, and recurrent bursitis and epicondylitis of his elbows. On November 18, 1985, Dr. Miller provided Grenz with a note for his employer which recommended that Grenz refrain from lifting or other physical activity. Grenz did not work after November 18, 1985.

¶4 In 1991 we determined that Grenz's psychological problems and his degenerative condition were not causally related to his 1984 elbow injury. *Grenz v. Fire and Cas. of Connecticut* (1991), 250 Mont. 373, 380, 820 P.2d 742, 746 ("*Grenz I*"). Grenz also argued that his degenerative arthritis was caused by a series of "microtraumas" associated with the heavy lifting, jarring, and vibrations of the machinery at his employment; these microtraumas, he asserted, were suffered subsequent to and separately from his 1984 elbow injury. We refused to consider this argument as Grenz had not raised in it the Workers' Compensation Court.

¶5 Following *Grenz I*, Grenz filed a new claim for workers' compensation benefits, asserting that his arthritis was caused by microtraumas separate and apart from, and subsequent to, the 1984 elbow injury. F&C moved to dismiss the petition, arguing that Grenz's claim was barred by res judicata or, alternatively, by the one-year statute of limitations of the Workers' Compensation Act. The Workers' Compensation Court granted F&C's motion on the basis of res judicata. Grenz appealed.

¶6 In *Grenz v. Fire and Casualty of Connecticut* (1992), 255 Mont. 121, 124, 841 P.2d 494, 496 ("*Grenz II*"), we reversed the Workers' Compensation Court's determination that his microtrauma claim was barred by res judicata and remanded. On remand, the hearing examiner determined that Grenz had not filed his new claim within one year after he had stopped working for American Stud in 1985 and, therefore, he had not complied with § 39-71-601, MCA (1983). The Workers' Compensation Court adopted the hearing examiner's order on April 21, 1993. Grenz appealed.

¶7 In *Grenz III,* we affirmed the dismissal of Grenz's claim, holding that Grenz did not inform American Stud that he was suffering from arthritis caused by microtrauma injuries separate and distinct from his elbow injury within the statutory 12 month period. *Grenz, III*, 260 Mont. at 63, 857 P.2d at 732. We concluded that F&C should not be equitably estopped from relying on the statute of limitations because Grenz did nothing that would have alerted his employer to this new cause of his degenerative arthritis. We also concluded that by paying benefits for treatment of Grenz's arthritis, F&C did not waive its right to deny this claim for benefits. Lastly, we held that F&C had no duty to inform Grenz of the need to file or modify his claim, stating that the duty is upon the claimant to file his or her claim.

¶8 The instant dispute began on February 1, 2000, when Grenz filed a petition with the Workers' Compensation Court. Grenz essentially alleged that pursuant to his claim for benefits from his elbow injury, F&C paid for expenses arising from his degenerative arthritis and psychological problems even though F&C knew or should have known that his degenerative arthritis and psychological problems were not related to his elbow injury. Grenz claimed that by doing so, F&C breached its duty of trust and concealed the fact that it was not accepting liability for these disabilities. Grenz asserted that he detrimentally relied on F&C's conduct, presumably by neglecting to bring a separate timely claim for benefits due to his degenerative arthritis and psychological problems. Grenz requested the court award him compensation benefits for his degenerative arthritis and psychological problems.

¶9 F&C filed a motion for summary judgment on February 22, 2000, alleging that Grenz's claims had previously been decided in its favor and, therefore, Grenz should be barred by the doctrine of res judicata from litigating his claims. On June 19, 2000, the Workers' Compensation Court agreed and granted summary judgment in favor of F&C. Grenz appeals.

## STANDARD OF REVIEW

¶10 Our review of a grant or denial of summary judgment by the Workers' Compensation Court is the same as the standard used by the trial court in ruling upon a motion for summary judgment. We determine whether there is an absence of genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. Our review of the Workers' Compensation Court's conclusions of law is plenary; we simply determine whether its legal conclusions are correct. *Heath v. Montana Mun. Ins. Authority*, 1998 MT 111, ¶ 9, 288 Mont. 463, ¶ 9, 959 P.2d 480, ¶ 9.

## DISCUSSION

¶11 Did the Workers' Compensation Court err when it granted summary judgment in favor of F&C?

¶12 Although Grenz's briefing is not entirely clear, we summarize Grenz's current contentions as follows: F&C paid for expenses arising from his degenerative arthritis and psychological problems pursuant to Grenz's elbow injury claim even though F&C knew or should have known that his degenerative arthritis and psychological problems were not related to his elbow injury. By doing so, F&C concealed the fact that it was not accepting liability for these disabilities and breached a duty of trust. Grenz detrimentally relied on F&C's conduct-neglecting to timely file a separate claim for benefits due to his degenerative arthritis and psychological problems. Thus, F&C should be required to pay workers' compensation benefits and medical expenses for Grenz's degenerative arthritis and psychological problems.

¶13 F&C argues that the Workers' Compensation Court correctly determined that the issues raised by Grenz in his current claim were previously raised and decided in its favor pursuant to our decisions in *Grenz I* and *Grenz III*. Thus, F&C maintains that the court correctly held that Grenz was barred by the doctrine of res judicata from further litigating this claim.

¶14 The doctrine of res judicata bars a party from relitigating a matter he or she has already had an opportunity to litigate. *See, e.g., Slater v. Central Plumbing & Heating Co.*, 1999 MT 257, ¶ 25, 297 Mont. 7, ¶ 25, 993 P.2d 654, ¶ 25. Once there has been a full opportunity to present an issue for judicial decision in a given proceeding, the determination of the court in that proceeding must be accorded finality as to all issues raised or which fairly could have been raised, else judgments might be attacked piecemeal and without end. *Slater,* ¶ 25. Res judicata has four elements: (1) the parties or their privies are the same; (2) the subject matter of the claim is the same; (3) the issues are the same and relate to the same subject matter; and (4) the capacities of the persons are the same in reference to the subject matter and the issues. *Slater*, ¶ 27.

¶15 In concluding that Grenz's claims were barred, the Workers' Compensation Court relied upon two of our previous decisions with regard to claims brought by Grenz against F&C relating to workers' compensation benefits. Accordingly, in order to determine whether the court's grant of summary judgment was correct, we need only address the third element of res judicata: whether we have already decided the issues raised by Grenz's current claim in F&C's favor.

¶16 We conclude that the Workers' Compensation Court correctly barred Grenz from relitigating issues already decided in our previous decisions. We have previously held that Grenz cannot seek compensation benefits for his degenerative arthritis and psychological problems pursuant to his elbow injury claim because those problems were not causally related to his elbow injury. *Grenz I*, 250 Mont. at 380-81, 820 P.2d at 746-47. We have also held that Grenz cannot seek compensation benefits for his degenerative arthritis or psychological problems based on a separate injury claim because the 12 month statute of limitations for notifying his employer of such a claim has elapsed. *Grenz III*, 260 Mont. at 63, 857 P.2d at 732. We have twice held that by paying benefits for Grenz's degenerative arthritis and psychological problems pursuant to his elbow injury claim, F&C did not waive its right to deny liability for these claims. *Grenz I*, 250 Mont at 381, 820 P.2d at 747; *Grenz III,* 260 Mont. at 65, 857 P.2d at 733. Lastly, we have held that F&C did not have a duty to inform Grenz of the need to file a separate claim or to modify his existing claim. *Grenz III*, 260 Mont. at 65, 857 P.2d at 733. Therefore, whether Grenz is entitled to compensation benefits for his degenerative arthritis or his psychological problems has already been determined in F&C's favor.

¶17 F&C requests that we sanction Grenz pursuant to our authority under Rule 32, M.R.

App.P. F&C observes that Grenz has filed his multiple claims pro se and *in forma pauperis,* and thus F&C claims that monetary sanctions would not prevent Grenz from bringing unmeritorous claims. Therefore, F&C entreats us to bar Grenz from filing any further claims against it in district court or the Workers' Compensation Court unless Grenz is represented by a duly licensed attorney. F&C believes that requiring Grenz to be represented by an attorney would prevent him from litigating meritless claims because a licensed attorney's decision to file a claim on Grenz's behalf would be circumscribed by ethical constraints and the possibility of monetary sanctions. Alternatively, F&C requests that we require Grenz to acquire our approval before filing another claim.

¶18 We may assess such damages as we deem proper when we are satisfied that an appeal "was taken without substantial or reasonable grounds." Rule 32, M.R.App.P. *See also Krause v. Neuman* (1997), 284 Mont. 399, 408, 943 P.2d 1328,1334. We are satisfied that Grenz's current appeal was taken without substantial or reasonable grounds. Regardless of whether F&C knew that Grenz's degenerative arthritis and psychological problems were not caused by his elbow injury, we have already held that F&C did not have a duty to pursue Grenz's claim for him. *Grenz III*, 260 Mont. at 65, 857 P.2d at 733. Grenz has simply continued to litigate this same issue. We have previously warned Grenz that further frivolous appeals would merit sanctions. *Grenz v. Medical Mgm't Northwest, Inc.,* (1991), 250 Mont 58, 64, 817 P.2d 1151, 1155. Accordingly, we award the amount of $1000 to F&C as sanctions for Grenz's frivolous appeal. We agree, however, that merely imposing monetary sanctions on Grenz for his frivolous appeal will not serve to deter him from future frivolous litigation nor will it compensate F&C for having to defend such frivolous actions. Therefore, we also enjoin Grenz from filing any further civil appeals in this court until this sanction is paid. Further frivolous appeals will be met with increased sanctions.

¶19 Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART