DA 07-0015

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 267

HOGENSON CONSTRUCTION OF NORTH DAKOTA,

     Plaintiff and Appellant,

  v.

MONTANA STATE FUND,

     Defendant and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADV-2006-51
Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Scotti M. Gray and Joe C. Maynard, Crowley, Haughey, Hanson, Toole & Dietrich, Billings, Montana

     For Appellee:

          Charles E. McNeil and Kathryn S. Mahe, Garlington, Lohn & Robinson, Missoula, Montana

Submitted on Briefs:  September 12, 2007

Decided:  October 22, 2007

Filed:

_____
               Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Hogenson Construction of North Dakota (Hogenson) appeals from an order of the First Judicial District Court, Lewis and Clark County, granting Montana State Fund's (State Fund) motion for summary judgment. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2     Hogenson is a construction company located in North Dakota. Hogenson performed construction work in Montana. Montana law required Hogenson to have workers' compensation coverage for any employees working in Montana. Section 39-71-402(5), MCA. Hogenson maintained coverage in Montana through State Fund and paid premiums for the policy period from July of 2000 through July of 2001.

¶3     Hogenson's policy incorporates all the provisions of the workers' compensation laws of Montana "as fully and completely as if written herein." The policy requires State Fund to assume Hogenson's liability "under the Workers' Compensation and Occupational Disease Acts of Montana . . . ." State Fund agrees to defend "claims and actions which may at any time be instituted against the insured under the Workers' Compensation or Occupational Disease Acts of Montana . . . ." The policy states that "State Fund has no duty to defend a claim, proceeding or suit that is not covered by this insurance."

¶4     Hogenson interviewed Harold Reynolds (Reynolds) in Oklahoma concerning a work detail in Montana. Hogenson hired Reynolds to assemble a crew to perform work in Glendive, Montana. Reynolds and his crew proceeded to Montana. Reynolds slipped on some ice on January 16, 2001, while working for Hogenson at the Glendive job site. Reynolds fell onto his right elbow and injured his right shoulder, back, and lower neck.

2

Reynolds claims that he reported his injury to Hogenson the day of the accident by submitting an Accident Investigation Report to Hogenson.

¶5 Hogenson denies receiving notice of Reynolds's injury on January 16, 2001. Hogenson maintains that it first received notice of Reynolds's injury and claim more than one year later on July 15, 2002. Hogenson faxed an Employer's First Report of Injury to State Fund on that same day. State Fund sent both Reynolds and Hogenson a letter on July 16, 2002, denying liability. State Fund denied liability due to Reynolds's failure to notify his employer of his injury within thirty days as required by § 39-71-603, MCA. State Fund also denied liability due to Reynolds's failure to file his claim within twelve months from the date of the accident as required by § 39-71-601, MCA.

¶6 Reynolds filed a complaint in the Oklahoma Workers' Compensation Court. He filed his complaint by submitting a document labeled Form 3. Form 3 bears the following heading: "Employee's First Notice of Accidental Injury and Claim for Compensation." Reynolds signed the form and dated it July 12, 2002. Reynolds's Oklahoma counsel, Jack Tracy (Tracy), also signed the form. The filing date stamped on the Form 3 submitted by Reynolds is July 25, 2002.

¶7 Tracy notified Hogenson of the Oklahoma claim in a letter dated September 9, 2002. Neither party indicates when or if State Fund received this letter or prior notification from Tracy. State Fund's records do indicate, however, that State Fund contacted Tracy on September 23, 2002. Tracy called State Fund on September 27, 2002, to inform it that Reynolds would pursue his claim in Oklahoma.

3

¶8 Hogenson retained its own Oklahoma counsel, Arlen Fielden (Fielden), to represent it in the Oklahoma workers' compensation claim. Fielden sent State Fund a letter on January 7, 2005. The letter notified State Fund of the January 13, 2005, trial date for the Oklahoma claim. Fielden attached the Form 3 filed by Reynolds to this letter. Fielden sent another letter by both overnight mail and fax on January 11, 2005. The second letter demanded that State Fund defend Hogenson in the Oklahoma case. Fielden urged State Fund to acknowledge coverage and to enter an appearance in the case by January 13, 2005. State Fund did not respond to these letters.

¶9 Hogenson moved to join State Fund as a party to the Oklahoma case. The Oklahoma Workers' Compensation Court denied the motion for lack of jurisdiction over State Fund. The Oklahoma court awarded Reynolds $22,732. Hogenson appealed. An appellate panel of the Oklahoma Workers' Compensation Court upheld the award.

¶10 Hogenson filed suit against State Fund in Montana District Court on January 24, 2006. The amended complaint sought relief for breach of contract and common law bad faith. The parties filed cross-motions for summary judgment. The District Court granted summary judgment in favor of State Fund. Hogenson appeals.

**STANDARD OF REVIEW**

¶11 We review *de novo* a district court's decision to grant summary judgment, using the same criteria applied by the district court under M. R. Civ. P. 56. *Farmers Union Mut. Ins. Co. v. Staples*, 2004 MT 108, ¶ 18, 321 Mont. 99, ¶ 18, 90 P.3d 381, ¶ 18. We must determine whether the district court correctly applied the law. *Staples*, ¶ 18.

**DISCUSSION**

4

¶12 Hogenson argues that State Fund's refusal to defend Hogenson in Oklahoma frustrates the purposes behind the Montana Workers' Compensation Act, Title 39, Chapter 71, MCA. Hogenson asks this Court to construe broadly the insurer's duty to defend to encompass Reynolds's claim in Oklahoma. An insurer has a duty to defend unless the claim against the insured unequivocally falls outside the policy coverage. *Staples*, ¶ 24. The insurer must resolve any relevant factual disputes in favor of coverage. *Staples*, ¶ 24. The insurer looks at facts beyond the allegations in the complaint at the insurer's risk. *Staples*, ¶ 24.

¶13 Our decision in *Staples* reveals that Reynolds's claim triggered State Fund's duty to defend unless the claim unequivocally fell outside of the policy coverage. The policy requires State Fund to assume only the "liability of the insured to his employees under the Workers' Compensation and Occupational Disease Acts of Montana . . . ." Hogenson's policy expressly states that "State Fund has no duty to defend a claim, proceeding or suit that is not covered by this insurance."

¶14 The Workers' Compensation Act of Montana requires all claimants to present their claims in a signed writing to the employer, insurer, or department within twelve months from the date of the accident. Section 39-71-601, MCA. These requirements are mandatory. *Grenz v. Fire and Cas. of Connecticut*, 260 Mont. 60, 64, 857 P.2d 730, 732 (1993). We stated in *Grenz* that "compliance with the time limits is essential to the action." *Grenz*, 260 Mont. at 64, 857 P.2d at 732. We have described § 39-71-601, MCA, as "unequivocally" requiring presentment of claims within twelve months. *Grenz*, 260 Mont. at 63, 857 P.2d at 732. Hogenson's policy insures it only for liability under the Workers' Compensation Act of

Montana. The policy therefore covers only claims presented in writing within twelve months of the accident.

¶15    Hogenson alleges that it first learned of Reynolds's injury on July 15, 2002. Hogenson informed State Fund of Reynolds's injury on that same day. The date on the Form 3 that Reynolds submitted in Oklahoma indicates that he filed his initial complaint no earlier than July 12, 2002. Neither party provides the exact date that State Fund first received notice of this claim. State Fund did have notice of Reynolds's claim, however, by September 27, 2002. Reynolds's lawyer notified State Fund at that time of Reynolds's intention to pursue his claim in Oklahoma.

¶16    Reynolds claims that his injury occurred on January 16, 2001. Montana law required Reynolds to present his claim by January 16, 2002. Section 39-71-601, MCA. Hogenson's policy expressly incorporates Montana's workers' compensation laws. Hogenson's policy therefore obligates State Fund to defend the claim only if Reynolds had filed it by January 16, 2002. Reynolds filed his claim more than five months after the twelve month deadline. His claim unequivocally fell outside of the policy. State Fund did not have a duty to defend Hogenson under these circumstances. *Grenz*, 260 Mont. at 63, 857 P.2d at 732; *Staples*, ¶ 24.

¶17    Hogenson asserts that even if the policy does not cover the claim, State Fund impermissibly resolved this factual issue contrary to Hogenson's interests. Hogenson cites *Staples* for the proposition that an insurer must construe factual assertions from the perspective of the insured. *Staples*, ¶ 22. Indeed, a reviewing court must construe liberally the allegations of liability set forth in a complaint to resolve any doubts in favor of imposing

6

a duty to defend. *Staples*, ¶ 22. Hogenson argues that State Fund should have resolved the factual dispute regarding Reynolds's notice of injury as imposing a duty to defend.

¶18     Hogenson's dispute, however, concerned only the assertion that it had knowledge of Reynolds's injury before July 15, 2002. Reynolds submitted his first notice of accidental injury and claim for compensation on July 12, 2002, when he filed the Form 3 "Claim for Compensation." This filing served as a signed writing claiming benefits and constituted the functional equivalent of a complaint. Form 3 alleged that Reynolds received his injuries on January 16, 2001.

¶19     Hogenson, Reynolds, and State Fund do not dispute the date of the injury. The parties also do not dispute the filing date of the initial complaint through Reynolds's filing of the Form 3 in Oklahoma. The lack of dispute surrounding these dates relieved State Fund from having to resolve a factual issue. State Fund simply looked at the alleged date of injury and the filing date of the complaint and correctly determined that the claim fell outside the policy's coverage. *Grenz*, 260 Mont. at 63, 857 P.2d at 732.

¶20     Reynolds's claim, filed after the twelve month limit required by § 39-71-601, MCA, clearly fell outside Hogenson's coverage under the policy. We conclude that the belated filing of Reynolds's claim absolved State Fund of any duty to defend Hogenson in the Oklahoma action.

¶21     Affirmed.

                                        /S/ BRIAN MORRIS

We Concur:

7

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM RICE