# SAMUEL J. GRENZ,
## Plaintiff and Appellant,
### v.
# FIRE AND CASUALTY OF CONNECTICUT,
## Defendant and Respondent.

No. 95-471.
Submitted on Briefs July 25, 1996.
Rehearing Denied October 10, 1996.
Decided September 17, 1996.
53 St.Rep. 898.
278 Mont. 268.
924 P.2d 264.

For Appellant: **Samuel J. Grenz**, Pro Se, Stevensville.

For Respondent: **Joe C. Maynard** and **David M. Wagner**, Crowley, Haughey, Hanson, Toole & Dietrich, Billings.

JUSTICE ERDMANN delivered the Opinion of the Court.

Samuel J. Grenz appeals from an order of the Workers' Compensation Court which affirmed the Montana Department of Labor and Industry's decision that Grenz's occupational disease claim was barred by the statute of limitations as set forth in § 39-72-403, MCA (1985). We affirm.

The issue on appeal is whether the Workers' Compensation Court erred in concluding that Grenz's occupational disease claim, filed in 1992, was barred by the two-year statute of limitations contained in § 39-72-403, MCA (1985).

## FACTS

On August 22, 1984, Grenz injured his right elbow while working on a steel railing for his employer, American Stud Company. Within a week of his injury Grenz filed a claim for workers' compensation benefits and sought treatment from Dr. Ken McFadden. The insurer, Fire & Casualty of Connecticut (F&C), accepted liability for the right elbow injury and paid compensation and medical benefits.

On December 31, 1984, and again on January 29, 1985, Grenz consulted his treating physician, Dr. Ronald A. Miller, concerning his discomfort in both elbows, wrists, hands, and his cervical, thoracic,

and lumbar spine. Dr. Miller diagnosed Grenz with degenerative arthritis of his fingers, wrists, and shoulders, and recurrent bursitis and epicondylitis of his elbows. On November 18, 1985, Dr. Miller provided Grenz with a note for his employer which recommended that Grenz refrain from lifting or other physical activity. Grenz did not work after November 18, 1985.

Grenz's 1984 injury "began a seemingly endless stream of litigation that has resulted in multiple appeals to this Court and innumerable proceedings in the Workers' Compensation Court." *Grenz v. Fire and Casualty of Connecticut* (1993), 260 Mont. 60, 61, 857 P.2d 730, 731 (*Grenz III*). We need not, however, address each of Grenz's prior claims for the purposes of this opinion.

In 1991 this Court determined that Grenz's psychological problems and his degenerative condition were not causally related to his 1984 elbow injury. *Grenz v. Fire and Casualty of Connecticut* (1991), 250 Mont. 373, 820 P.2d 742 (*Grenz I*). Following the final adjudication of his right elbow injury claim in 1991, Grenz then filed two claims with respect to his degenerative arthritis. In 1993 this Court determined that his first claim alleging micro-trauma was time barred. *Grenz III*, 857 P.2d at 734.

We now address Grenz's second claim. This claim is an Occupational Disease (OD) claim in which Grenz is seeking benefits for the degenerative arthritis in his hands, wrists, shoulders, elbows, ankles, and knees. He also claims certain psychological and emotional disorders are causally related to his degenerative joint disease. The Department initially took no action regarding this claim as Grenz was actively litigating his micro-trauma claim. On August 20, 1993, three days after this Court issued *Grenz III*, F&C filed a motion with the Department seeking dismissal of the OD claim as being similarly time barred by the statute of limitations.

An evidentiary hearing was held on September 19-20, 1994. The hearing examiner entered his findings of fact and conclusions of law on December 30, 1994. He found that at least as early as 1985 Grenz knew he was suffering from degenerative arthritis and that he felt the cause of his problems was his employment. The examiner concluded Grenz knew or should have known at least as early as 1988, if not earlier, that his condition possibly met the criteria for an OD claim, and therefore dismissed the claim which was filed in 1992 as being untimely.

Grenz appealed to the Workers' Compensation Court which affirmed the decision of the hearing examiner. Grenz now appeals that

court's order issued on August 24, 1995, affirming the dismissal of his claim as being time barred.

## ISSUE

Did the Workers' Compensation Court err in concluding that Grenz's occupational disease claim, filed in 1992, was barred by the two-year statute of limitations contained in § 39-72-403, MCA (1985)?

Grenz appealed the final determination of his Occupational Disease claim by the Department's hearing examiner to the Workers' Compensation Court. The Workers' Compensation Court may over-rule the Department of Labor hearing examiner's determination if that determination was:

(a) in violation of constitutional or statutory provisions;

(b) in excess of the statutory authority of the agency;

(c) made upon unlawful procedure;

(d) affected by other error of law;

(e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Section 39-72-612(2), MCA (1979). We in turn review the Workers' Compensation Court's decision to determine if it properly complied with the requirements of § 39-72-612(2), MCA (1979). In order to review the Workers' Compensation Court's decision to determine if it complied with § 39-72-612(2), MCA (1979), this Court must review the whole record to determine whether the findings of fact are clearly erroneous and supported by substantial evidence. The findings of fact in this case were made by the Department of Labor's hearing examiner. The Workers' Compensation Court held that the Department's determination was supported by substantial evidence.

■ The Montana Occupational Disease Act (MODA) statutes in effect on an employee's last day of work govern the resolution of an occupational disease claim. *Lockwood v. W.R. Grace & Co.* (1995), 272 Mont. 202, 205, 900 P.2d 314, 316. Grenz's last day of employment was November 18, 1985. The applicable statute of limitations for his claim is therefore § 39-72-403, MCA (1985).

This statute, amended as of October 1, 1985, provided:

(1) When a claimant seeks benefits under this chapter, his claims for benefits must be presented in writing to the employer, the employer's insurer, or the division within 2 years from the date the

claimant knew or should have known that his total disability condition resulted from an occupational disease. ...

(2) The division may, upon a reasonable showing by the claimant or a decedent's beneficiaries that the claimant or the beneficiaries could not have known that the claimant's condition or the employee's death was related to an occupational disease, waive the claim time requirement up to an additional 2 years.

Section 39-72-403, MCA (1985).

■ Grenz maintains that prior to mid-1990, he was not aware that his degenerative arthritis was caused by his occupation and believed it to be attributable to his right elbow injury. The hearing examiner, however, found that Grenz knew or should have known prior to at least 1988 that his total disability was caused by an occupational disease.

The hearing examiner's finding that Grenz knew or should have known that his disability was caused by an occupational disease is supported by substantial evidence in the record, including Grenz's own testimony. Grenz testified that he knew in 1985 and 1986 that Dr. Miller felt that the type of work he was doing was aggravating his arthritis. In a brief filed with this Court on November 11, 1991, Grenz insisted that there was "absolutely *NO* evidence" that he saw Dr. Miller because of his elbow injury. Thus, the hearing examiner found that if he did not see Dr. Miller on account of his elbow injury but on account of his more generalized joint complaints it was unreasonable for him to assume that his degenerative arthritis was attributable to his elbow injury. The hearing examiner also noted that Grenz knew that the medical panel which examined him in 1988 had limited its examination to his elbow and lower back and had not considered his other joint complaints.

Our review is limited to assessing whether substantial credible evidence exists to support the hearing examiner's findings, not whether the evidence supports a contrary finding. *McIntyre v. Glen Lake Irrigation Dist.* (1991), 249 Mont. 63, 68, 813 P.2d 451, 454. We conclude that there is substantial evidence to support the finding of the Department's hearing examiner that Grenz knew or should have known prior to 1988 that his total disability was caused by an occupational disease. We further determine that the Workers' Compensation Court correctly applied the proper standard as set forth in § 39-72-612(2), MCA (1979).

■ Grenz argues for the first time on appeal that he is entitled to an additional two years in which to present his claim, pursuant to

§ 39-72-403(2), MCA (1985). Grenz also raises the following issues for the first time on appeal: (1) that the statute of limitations should be tolled as a result of the insurance company's payments of benefits; (2) F&C is equitably estopped; and (3) the statute of limitations violated his due process and equal protection rights. "We will not address an issue presented for the first time on appeal." *Rasmussen v. Lee* (1996), [276 Mont. 84], 916 P.2d 98, 100 (citing *Fandrich v. Capital Ford Lincoln Mercury* (1995), 272 Mont. 425, 431, 901 P.2d 112, 115-16); *Grenz I*, 820 P.2d at 746. We therefore will not address these issues raised for the first time on appeal.

We therefore hold that the Workers' Compensation Court was correct in its conclusion that Grenz's occupational disease claim filed in 1992 is barred by the statute of limitations as set forth in § 39-72-403, MCA (1985).

Affirmed.

CHIEF JUSTICE TURNAGE, JUSTICES HUNT, NELSON and LEAPHART concur.