No. 97-296

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 146N

IN RE THE MARRIAGE OF

PAMELA JEAN HAXTON SNOW,

Petitioner and Cross-Appellant,

and

ERIC MATTHEW SNOW,

Respondent and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                    In and for the County of Carbon,
            The Honorable Robert W. Holmstrom, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Eric Matthew Snow, Pro Se, Roberts, Montana

For Respondent:

Mark A. Bryan; Bryan & Atkins, Bozeman, Montana

Submitted on Briefs: April 23, 1998

Decided: June 9, 1998
Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     Eric Matthew Snow (Eric), acting pro se, appeals from the decision of the Thirteenth Judicial District Court, Carbon County, dissolving his marriage to Pamela Jean Haxton Snow (Pam) and enforcing the parties' separation agreement as to custody of the minor children.  Eric maintains that Oregon has jurisdiction over the dissolution and custody matters and that the Carbon County District Court erred in exercising jurisdiction over these matters.  As a result, Eric moved to dismiss the dissolution action for lack of jurisdiction.  The District Court determined that since both parties reside in Montana, Montana is the home state of the children pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA), and Oregon declined jurisdiction, it properly exercised jurisdiction.  In addition, the District Court determined that the marriage was irretrievably broken, and that Pam's requests for modification of visitation and restraining order should be granted.  Eric appeals from the District Court's order denying Eric's motion to dismiss for lack of jurisdiction, granting the restraining order and granting Pam's motion for modification of visitation.  Pam cross-appeals for attorney fees and costs incurred in enforcing Eric's past due child support obligations.  We affirm.

Factual and Procedural Background

¶3     Pam and Eric were married in Newberg, Oregon, in December 1986. There are two children of the marriage, Colton born February 1989 and Matthew born October 1991.  The parties resided in Oregon until 1994 when Pam took her annual vacation to visit her parents at their home in Montana. Pam asserts that during that visit she came to the realization that she needed a break from her marriage.  As a result, Pam filed for unlimited legal separation in Oregon.  Thereafter, the parties entered into a Marital Settlement Agreement which was adopted as part of the Judgment of Unlimited Separation.  The Marital Settlement Agreement provided that Pam would have custody of the children and Eric would have visitation rights.  Eric agreed to pay $150 in child support and $50 in maintenance monthly. Pam relocated to Montana in the winter of 1994 and Eric followed shortly thereafter.  Both parties currently reside in Roberts, Montana.  Pam is employed as a teacher at $15,000 per year and Eric works as a laborer at $8.00 per hour or approximately $11,512 annually.

¶4     In July 1995, Pam filed for dissolution of the marriage in Carbon County District Court.  At the time of filing, Pam had resided in Montana for close to one year and Eric for seven months.  Eric was represented by counsel for a short time in the dissolution proceedings; however, the attorney moved to withdraw and Eric proceeded pro se.  In August 1996, Eric filed a document entitled "Amended Motion to Reopen Case and Amended Motion to Give Full Custody of Parties Minor Children to Father" in Oregon.  Pam filed a motion to dismiss.  The Oregon court held a hearing and issued an Order and Judgment dismissing Eric's motion and holding that Montana is the home state

of the children pursuant to the UCCJA and refusing to exercise jurisdiction over custody matters. Eric filed a notice of appeal in the Oregon court on January 13, 1997 and according to the parties, the Oregon appeal is still pending.

¶5   Meanwhile, Eric filed a motion to dismiss Pam's Petition for Dissolution asserting that the Carbon County District Court lacked subject matter jurisdiction. Pam moved to deny Eric's Motion to Dismiss. Thereafter, the Montana District Court denied Eric's motion to dismiss and held a trial upon Pam's Petition for Dissolution. The District Court found that: 1) the marriage was irretrievably broken; 2) the Judgment of Unlimited Separation, including the Marital Separation Agreement, issued by the Oregon court was entitled to full faith and credit; 3) Eric should be restrained from taking the children out of the state without permission and from harassing Pam at work; 4) the visitation portion of the separation agreement should be modified to require Eric to remain within 10 feet of his car when picking up and dropping off the children and limiting his telephone visitations with the children to the hour of 6:00-7:00 p.m.; and 5) Pam had shown changed circumstances so substantial and continuous that the current child support provision is unconscionable; therefore child support payments should be increased to $231 per month.

¶6   Furthermore, the District Court explained by Memorandum that it was obligated to give the Oregon Decree full faith and credit pursuant to the United States Constitution and that it had jurisdiction to modify the visitation and support terms because Montana is the home state of the children and Oregon had declined to assume jurisdiction. It is from the District Court's Findings of Fact and Conclusions of Law and Final Decree of Dissolution that Eric appeals. Although Eric presents "eight issues and a constitutional question" on appeal, this Court will address only the issues of jurisdiction, modifications to visitation, and the restraining order as only those issues are properly before the Court. In addition, Pam cross-appeals for attorney fees and costs.

                              Discussion

¶7   1) Did the District Court err in denying Eric's motion to dismiss for lack of subject matter jurisdiction?

¶8   Prior to trial, Eric moved to dismiss this action asserting that the District Court lacked subject matter jurisdiction pursuant to the Parental Kidnaping Protection Act (PKPA). It is Eric's contention that only the Oregon court has jurisdiction. The District Court denied Eric's motion to dismiss determining that it had jurisdiction to hear the matter. A district court's decision regarding its jurisdiction is a conclusion of law. This Court reviews a district court's conclusions of law to determine whether the district court's interpretation of the law is correct. Steer, Inc. v. Dept. of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603-04.

¶9   Congress enacted the PKPA to establish national standards by which a court can determine whether it has jurisdiction in child custody proceedings. Through the PKPA, Congress sought to discourage continuing interstate controversies over child custody and to facilitate the enforcement of custody

determinations of sister states. See In re Marriage of Shupe (1996), 276 Mont. 409, 413-14, 916 P.2d 744, 746-47. Furthermore, the United States Supreme Court has imposed a duty on the states to enforce child custody determinations entered by a sister state, if the determination is consistent with the provisions of the PKPA. Thompson v. Thompson (1988) 484 U.S. 174, 108 S.Ct. 513, 98 L.Ed.2d 512. For the custody decree to be consistent with the PKPA, the state must have jurisdiction under its own laws, and the court which made the original custody determination must no longer have jurisdiction or it has declined to exercise such jurisdiction. Marriage of Shupe, 916 P.2d at 747.

¶10  The Oregon Judgment of Unlimited Separation provided that Pam would have custody of the children and provided a schedule for Eric's visitation with the children. In the District Court proceedings, Eric, before the trial, specifically withdrew his requests for modification to custody. Therefore, the only custody-related issue before the District Court was Pam's request for a modification to visitation. The District Court determined, first, that the Oregon court's award of custody, as stated in the Judgment of Unlimited Separation, was entitled to full faith and credit. In addition, the District Court determined that it had jurisdiction to modify visitation. With regard to its jurisdiction, the District Court specifically determined that Montana is the home state of the children, both parents reside in Montana, and Oregon had declined to assume jurisdiction.

¶11  We determine that the District Court properly exercised jurisdiction over the matter and that the District Court properly afforded full faith and credit to the parties' settlement agreement as adopted by the Oregon Judgment of Unlimited Separation.

II

¶12  2) Did the District Court abuse its discretion in modifying the conditions of visitation?

¶13  During the trial, both parties introduced evidence of continuing problems which result when Eric picks up and drops off the children at Pam's house. Several witnesses testified to Eric's harassing Pam with phone calls. And, Eric admitted to taking the children to Oregon without Pam's permission during one of his visits. As a result, Pam moved to modify the conditions of visitation to require Eric to remain within 10 feet of his car when picking up or returning the children, to restrict telephone visitation to the hour of 6:00-7:00 p.m., and to prohibit Eric from removing the children from the State of Montana without Pam's written consent or an order of the court. The District Court granted each of Pam's requests for modification of visitation.

¶14  We review a district court's findings relating to modification of visitation to determine whether those findings are clearly erroneous. This Court will reverse a district court's decision to modify visitation only where an abuse of discretion is clearly demonstrated. In re Marriage of Elser (1995), 271 Mont. 265, 268, 895 P.2d 619, 622.

¶15   The District Court found that there was an ongoing dispute between the parties regarding visitation.  The record reveals that the parties have tape recorded one another and  taken photos without the other's permission, had verbal disputes in the presence of the children and have confrontations nearly every time Eric visits the children.  In addition, the District Court found that Eric had removed the children from the State of Montana without permission in violation of the terms of visitation.  Finally, the court found that Eric has been verbally abusive and tried to intimidate Pam and members of her family when he has come to the family ranch for visitation.  The District Court's findings are not clearly erroneous.

¶16   The District Court determined that, based on its findings, efforts to limit the controversy between Pam and Eric would be in the best interest of the children, therefore the court granted the requested modifications.  The District Court further supported the modifications by explaining that, the modifications, while slightly changing the manner in which Eric exercises his visitation, do no change the duration or nature of visitation.  We determine that the District Court did not abuse its discretion in modifying the terms of visitation.

III

¶17   3) Did the District Court abuse its discretion in granting Pam's motion for restraining order?

¶18   Pam presented evidence that Eric verbally abused and intimidated her at her job, when exercising visitation, and on occasions when she was out with the children.  Pam moved for a restraining order restraining Eric from stalking Pam, excluding Eric from Pam's residence and property except when exercising his visitation rights, restricting Eric from bringing guns, cameras and recording devices on Pam's property,  requiring Eric to stay within 10 feet of his vehicle when picking up and returning the children, requiring Eric to refrain from loitering on the property when visiting the children, restraining Eric from being within 25 feet of Pam in any public place, enjoining Eric from removing the children from the jurisdiction of the court, restraining Eric from contacting Pam's employer without permission of the court and restraining Eric from subjecting the children to psychological examinations without approval of the court.

¶19   The District Court determined that, because the parties live in a small community, a grant of all the restraints requested by Pam would be inappropriate.  Therefore, the District Court limited the restraining order to prohibiting Eric from contacting Pam's employers, from approaching Pam in public places and from making harassing phone calls to Pam's home or workplace.  The granting of an injunction is discretionary and this Court will sustain such grant unless an abuse of discretion is shown.  Curran v. Dept. of Highways (1993), 258 Mont. 105, 107, 852 P.2d 544, 545.  The record reveals that the conditions of restraint placed on Eric are reasonable under the circumstances.  We determine that the District Court did not abuse its discretion in granting the restraining order.

IV

¶20  4) Is Pam entitled to attorney fees and costs on appeal?

¶21  Pam cross-appeals for an award of attorney fees based on the provisions of the Marital Settlement Agreement and Rule 32, M.R.App.P.  The Marital Settlement Agreement provides that "[s]hould either party incur any expense or legal fees as a result of the breach of any portion of this Marital Settlement Agreement . . . the court shall award reasonable attorney's fees and suit expenses. . . ."  Pam asserts that because Eric is delinquent in his child support payments, he has breached the Marital Settlement Agreement and should be liable for the attorney fees and costs incurred in the portion of her dissolution action for enforcement of delinquent child support payments.

¶22  In addition, Pam seeks an award of attorney fees and costs pursuant to Rule 32, M.R.App.P., which provides that "[i]f the supreme court is satisfied from the record and the presentation of the appeal in a civil case that the same was taken without substantial or reasonable grounds, . . . damages may be assessed . . . ."  Pam asserts that Eric's appeal to this Court is frivolous and that she should be awarded attorney fees and costs incurred in defending the appeal.

¶23  We determine that Pam's cross-appeal for attorney fees and costs must fail for two reasons.  First, Pam did not request attorney fees and costs pursuant to the Marital Settlement Agreement at the District Court. This Court has continually reiterated that it will not review issues presented for the first time on appeal.  Grenz v. Fire and Cas. of Connecticut (1996), 278 Mont. 268, 273, 924 P.2d 264, 267.  Pam did not raise the issue of attorney fees and costs at the District Court and this Court is without jurisdiction to review Pam's request.  Second, we determine that Eric's appeal, while not meritorious, was taken with substantial and reasonable grounds.  Therefore, we deny Pam's request for damages pursuant to Rule 32, M.R.App.P.  Affirmed.

/S/  W. WILLIAM LEAPHART

We concur:

/S/  JIM REGNIER
/S/  TERRY N. TRIEWEILER
/S/  KARLA M. GRAY
/S/  WILLIAM E. HUNT, SR.