No. 03-678

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 340

WILLIAM HARDGROVE,

           Petitioner and Appellant,

   v.

TRANSPORTATION INSURANCE COMPANY,
 Insurer of W. R. GRACE & COMPANY,

           Respondent and Respondent.

APPEAL FROM:    The Workers' Compensation Court, Cause No. WCC 2002-0666,
                    Honorable Mike McCarter, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Tom Lewis and Keith Marr (argued), Lewis, Slovak & Kovacich, P.C.,
            Great Falls, Montana

            Thomas A. Baiz, Jr., Attorney at Law, Great Falls, Montana

        For Respondent:

            Todd A. Hammer and David Sandler (argued), Hammer, Hewitt
            and Sandler, Kalispell, Montana

        For Amicus Curiae:

            Jon L. Heberling, McGarvey, Heberling, Sullivan & McGarvey,
            Kalispell, Montana (Ex-Mine Workers)

                     Heard and Submitted:  June 23, 2004

                              Decided:  December 1, 2004

Filed:

                 _____
                             Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     William Hardgrove appeals from the Workers' Compensation Court's determination that § 39-72-403(3), MCA (1983) (repealed 1985), bars his claim for Occupational Disease Act (ODA) benefits, and that that statute violates neither the Equal Protection Clauses of the Montana and United States Constitutions nor the Full Legal Redress Clause of the Montana Constitution.  We affirm the Workers' Compensation Court.

## BACKGROUND

¶2     The parties stipulated the facts in this case.  W.R. Grace employed Hardgrove at its Libby, Montana, mine from 1967 until April 2, 1984.  Transportation Insurance Company (Transportation)  was insuring W.R. Grace during Hardgrove's employment.  Over fourteen years after he stopped working for W.R. Grace, Hardgrove discovered he had asbestosis as a result of his employment.  He filed his occupational disease claim one month and one day after this discovery.  The law in effect on an employee's last day of work governs the resolution of an ODA claim, so the laws in effect in 1984 apply.  *Grenz v. Fire & Cas.* (1996), 278 Mont. 268, 272, 924 P.2d 264, 267.  Transportation denied his claim asserting that the three-year time period during which he could file his claim had elapsed  under § 39-72-403(3), MCA (1983) (repealed 1985).

¶3     Hardgrove raises three issues on appeal:

¶4     1. Whether § 39-72-403(3), MCA (1983) (repealed 1985), is a statute of repose that is not subject to equitable tolling under *Bowerman v. Employment Sec. Comm'n* (1983), 207 Mont. 314, 673 P.2d 476.

¶5     2. Whether, assuming it is a statute of repose, § 39-72-403(3), MCA (1983) (repealed 1985), violates the equal protection clauses of the Montana and United States Constitutions.

¶6     3. Whether, assuming it is a statute of repose, § 39-72-403(3), MCA (1983) (repealed 1985), violates the Full Legal Redress Clause of Montana Constitution Article II, Section 16.

## STANDARD OF REVIEW

¶7     We review the Workers' Compensation Court's findings of fact to determine whether substantial, credible evidence supports them, and we review its conclusions of law to determine whether they are correct. *Hiett v. Missoula County Pub. Schs.*, 2003 MT 213, ¶ 15, 317 Mont. 95, ¶ 15, 75 P.3d 341, ¶ 15.

## DISCUSSION

## I

¶8     This controversy focuses on the characterization of § 39-72-403(3), MCA (1983) (repealed 1985), as either a statute of limitations or a statute of repose. A legislature can make clear it intends a statute to be a statute of repose if the statutory period for bringing the claim can lapse before the cause of action accrues. *P. Stolz Family P'ship L.P. v. Daum* (2nd Cir. 2004), 355 F.3d 92, 103.

¶9     Section 39-72-403, MCA (1983) (§ 39-72-403(3), MCA (1983), repealed 1985), provides as follows:

> **Time when claims must be presented.** (1) When a claimant seeks benefits under this chapter, his claims for benefits must be presented in writing to the employer, the employer's insurer, or the division within 1 year from the date the claimant knew or should have known that his total disability condition resulted from an occupational disease. When a beneficiary seeks benefits

3

under this chapter, his claims for death benefits must be presented in writing to the employer, the employer's insurer, or the division within 1 year from the date the beneficiaries knew or should have known that the decedent's death was related to an occupational disease.

(2) The division may, upon a reasonable showing by the claimant or a decedent's beneficiaries that the claimant or the beneficiaries could not have known that the claimant's condition or the employee's death was related to an occupational disease, waive the claim time requirement up to an additional 2 years.

(3) Notwithstanding the provisions of subsections (1) and (2) of this section, no claim to recover benefits under this chapter may be maintained unless the claim is properly filed within 3 years after the last day upon which the claimant or the deceased employee actually worked for the employer against whom compensation is claimed.

Under the statute of limitations and extension outlined in subsections (1) and (2), a claimant or his beneficiary must file a claim within three years from the date the claimant or his beneficiary knew or should have known that the claimant's condition or death resulted from an occupational disease. Section 39-72-403, MCA (1983) (§ 39-72-403(3), MCA (1983), repealed 1985). Nevertheless, the legislature added subsection (3) that ends the cause of action on a date certain and independent of the accrual of the cause of action. Thus, § 39-72-403(3), MCA (1983) (repealed 1985), is a statute of repose.

¶10 Substantively, statutes of limitations limit the time during which a claimant may pursue his right, but statutes of repose extinguish the existence of the underlying right itself. *P. Stolz Family P'ship L.P.*, 355 F.3d at 102 ("Unlike a statute of limitations, a statute of repose is not a limitation of a plaintiff's remedy, but rather defines the right involved in terms of the time allowed to bring suit."). Statutes of repose establish the absolute time beyond which no party is liable. *Joyce v. Garnaas*, 1999 MT 170, ¶ 14, 295 Mont 198, ¶ 14, 983 P.2d 369, ¶ 14. Courts may equitably toll statutes of limitations for latent injuries, but no event short of a legislative mandate can toll statutes of repose. *Bowerman; Joyce*, ¶ 13.

4

¶11     Statutes of repose cannot be tolled. *Joyce*, ¶ 14.  As a court, we cannot extend to statutes of repose the latent injury exception that *Bowerman* extended to statutes of limitations.  That is the domain of the legislature.  *Joyce*, ¶ 14.  We hold that the statute of repose barred Hardgrove's claim as of April 3, 1987–three years after his last day working for W.R. Grace.

**II**

¶12     Hardgrove next argues that, if  § 39-72-403(3), MCA (1983) (repealed 1985), is a statute of repose, it violates the Equal Protection Clauses of the Montana and United States Constitutions.  We review equal protection challenges under one of the three recognized tiers of scrutiny.  *State v. Price*, 2002 MT 229, ¶ 33, 311 Mont. 439, ¶ 33, 57 P.3d 42, ¶ 33.  The rational basis test applies to equal protection claims brought by an injured or diseased worker.  *Schmill v. Liberty Northwest Ins. Corp.*, 2003 MT 80, ¶ 12, 315 Mont. 51, ¶ 12, 67 P.3d 290, ¶ 12.  Further, "[t]he question of constitutionality is not whether it is possible to condemn, but whether it is possible to uphold the legislative action."  *Powell v. State Compensation Ins. Fund*, 2000 MT 321, ¶ 13, 302 Mont. 518, ¶ 13, 15 P.3d 877, ¶ 13.

¶13     In applying the rational basis test, this Court must determine whether a legitimate legislative objective for the statute exists and whether the legislature's classification rationally relates to that objective.  *Henry v. State Compensation Fund*, 1999 MT 126, ¶ 33, 294 Mont. 449, ¶ 33, 982 P.2d 456, ¶ 33; *Gryczan v. State* (1997), 283 Mont. 433, 457, 942 P.2d 112, 126.  Hardgrove identifies two classifications that he believes do not rationally relate to legitimate legislative objectives.

5

¶14 First, he claims that the legislature created two classes by repealing § 39-72-403(3), MCA (1983). In a 1985 amendment to the ODA, the legislature repealed § 39-72-403(3), MCA (1983), but specifically applied that amendment only to people injured on or after the effective date. Act of March 19, 1985, ch. 112, § 6, 1985 Mont. Laws 211 ("Section 6. **Applicability.** This act applies to claims arising from exposures occurring on or after the effective date of this act."). Members of the first class include those who stopped working before the amendment's effective date. They are subject to the statute of repose and had to have brought their claims within three years of stopping work. Members of the second class include those who stopped working on or after the amendment's effective date. They are not subject to the statute of repose, but can bring their claim any time it accrues in the future.

¶15 Prior to the amendment, the legislature had provided a balance of rights and responsibilities among the workers, employees, and employers. In establishing an effective date, the legislature may have sought to protect those who relied upon the rights and responsibilities established prior to the amendment. *See Penrod v. Hoskinson* (1976), 170 Mont. 277, 552 P.2d 325. It may have wanted to avoid disturbing past transactions, to avoid extinguishing expectations, and to minimize the inconvenience associated with the changes. *See Penrod.* For those reasons, it may have expanded the ODA rights prospectively only. We conclude that that legitimate legislative objective rationally relates to this classification.

¶16 Second, Hardgrove claims that the legislature created a classification that violates equal protection by instituting occupational disease and workers' compensation systems with

different time limitations. The ODA contained a statute of repose, but the parallel statute in the Workers' Compensation Act (WCA) contained no such provision. *Compare* § 39-72-403, MCA (1983) (§ 39-72-403(3), MCA (1983), repealed 1985), *with* § 39-71-601, MCA (1983) ("Statute of limitation on presentment of claim–waiver" with respect to the WCA, amended (1989). The WCA merely limited claims through a statute of limitations. Section 39-71-601, MCA (1983) (amended 1989). That unequal treatment, Hardgrove argues, violates the Equal Protection Clauses of the Montana and United States Constitutions.

¶17 The Montana Legislature overhauled the WCA and ODA in 1987, so the only distinction remaining between an industrial "injury" under the WCA and an "occupational disease" under the ODA became the "number of work shifts over which a worker incurred an affliction." *Henry*, ¶¶ 18, 21, 43, 44 (recognizing that a herniated disc contracted over one shift was an "injury" under the WCA, but a herniated disc contracted over two shifts was an "occupational disease" under the ODA; and concluding that "[s]imply put, a herniated disc is a herniated disc."); *Schmill*, ¶¶ 17, 18; *Stavenjord v. Montana State Fund*, 2003 MT 67, ¶¶ 41-47, 58, 314 Mont. 466, ¶¶ 41-47, 58, 67 P.3d 229, ¶¶ 41-47, 58.

¶18 Given that slight distinction in the 1987 law, we applied the rational basis test and found the differences in benefits under the WCA and ODA were not rationally related to the number of shifts over which the worker contracted the injury. *Schmill*, ¶ 23; *Stavenjord*, ¶ 48; *Henry*, ¶ 45. Regardless of those decisions, some or all of the differences between the ODA and WCA before the 1987 overhaul may pass the rational basis test.

7

¶19    Transportation argues that *Eastman v. Atlantic Richfield Co.* (1989), 237 Mont. 332, 777 P.2d 862, controls the equal protection violation in this case. In *Eastman*, we applied the rational basis test to determine whether the disparities of compensation between the WCA and ODA violate equal protection. In recent cases, we have criticized *Eastman* because of the circumstances surrounding it, and suggested that, if the same pro se litigant had brought the constitutional question today, we would likely have designated the opinion noncitable. *Schmill*, ¶¶ 13, 15-16; *Stavenjord*, ¶¶ 32-42, 48 (discussing the procedural circumstances surrounding the *Eastman* case and explaining the reasons *Henry* distinguished it); *Henry*, ¶¶ 41-43.

¶20    In any event, *Eastman* is inapplicable to the statute under consideration. That case held that the disparity of compensation between an ODA claimant and a WCA claimant was rationally related to a legitimate government purpose; in this case, however, we must determine whether the disparity of times during which the right to compensation exists rationally relates to a legitimate governmental objective. A decision on the former has no relevance to a decision on the latter, so *Eastman* has no bearing on this case.

¶21    In creating differences between the ODA and the WCA concerning the lengths of time during which the right to compensation exists, the legislature may have been trying to ensure that the occupational disease system paid only for those diseases contracted on the job. The legislature may have thought workers could contract occupational diseases outside of work, and it did not want to require the employer to pay under such circumstances. *See Stavenjord*, ¶ 58 (Rice, J., dissenting). For example, an employee could come into contact with asbestos

8

outside the workplace if he crawled around asbestos-contaminated attics in his spare time. To prevent these injustices, the legislature may have instituted a statute of repose to extinguish the right to compensation three years after working for an employer. *See* § 39-72-403(3), MCA (1983) (repealed 1985).

¶22 The legislature may have believed that determining the cause of occupational diseases is exceedingly difficult after three years, while one can more easily determine the effects of an industrial accident even many years later. This pre-1987 classification between ODA and WCA time periods rationally relates to these legitimate government purposes.

### III

¶23 Hardgrove argues that the statute of repose in § 39-72-403(3), MCA (1983) (repealed 1985), violates his right to full legal redress included in Montana Constitution Article II, Section 16:

> **Section 16. The administration of justice.** Courts of justice shall be open to every person, and speedy remedy afforded for every injury of person, property, or character. No person shall be deprived of this full legal redress for injury incurred in employment for which another person may be liable except as to fellow employees and his immediate employer who hired him if such immediate employer provides coverage under the Workmen's Compensation Laws of this state. Right and justice shall be administered without sale, denial, or delay.

Hardgrove admits that, under *Meech v. Hillhaven West, Inc.* (1989), 238 Mont. 21, 26-44, 776 P.2d 488, 491-501, he has no fundamental right to full legal redress, but he argues, nevertheless, that he is entitled to full legal redress.

¶24 Indeed, "[t]here must be the basis or underpinning of a cause of action and remedy as defined by the lawmakers before one arrives at the point of redress." *Meech*, 238 Mont.

9

at 38, 776 P.2d at 498. Statutes of repose extinguish the underlying right after the statutorily-defined period of time lapses. *P. Stolz Family P'ship L.P.*, 355 F.3d at 102. In the case *sub judice*, the statute of repose extinguished the right to the cause of action three years after Hardgrove stopped working for W.R. Grace, so, as of that point in time, Hardgrove has had no right to redress under the ODA. *Reeves v. Ille Elec. Co.* (1976), 170 Mont. 104, 110-111, 551 P.2d 647, 651.

¶25 Hardgrove further argues that *Lockwood v. W.R. Grace & Co.* (1995), 272 Mont. 202, 900 P.2d 314, removes his tort remedy, so his only chance of receiving full legal redress is through the ODA. In *Lockwood*, we distinguished an earlier opinion, *Gidley v. W.R. Grace & Co.* (1986), 221 Mont. 36, 717 P.2d 21, because the statutory scheme upon which we based *Gidley* had changed. Under the earlier statutory scheme, a statutory contradiction and ambiguity allowed Gidley to bring a tort claim after the statute of repose, § 39-72-403(3), MCA (1983) (repealed 1985), had precluded his ODA claim. Lockwood's ODA claim accrued years later, but under the same statute. Between the accruals of the *Gidley* and *Lockwood* situations, the legislature eliminated one of the conflicting statutes that had allowed Gidley to pursue a remedy outside the ODA. Without that ambiguity, the ODA was Lockwood's only remedy. We denied his tort claim. *Lockwood*, 272 Mont. at 206, 900 P.2d at 316.

¶26 Citing *Stratemeyer v. Lincoln County* (1996), 276 Mont. 67, 915 P.2d 175, Transportation argues that, if there is no ODA coverage for a latent injury, Hardgrove still has another chance to obtain full legal redress in the tort system. To maintain the quid pro

quo compromise inherent in the WCA, *Stratemeyer* gave employees access to the tort system when the WCA failed to cover particular injuries. 276 Mont. at 79, 915 P.2d at 182. Thus, Transportation argues, Hardgrove does not need full legal redress from the ODA because he can obtain redress elsewhere.

¶27 Since this appeal comes from the Workers' Compensation Court, the question whether Hardgrove has a tort remedy is not properly before us so we cannot decide the *Stratemeyer* or *Lockwood* issues. *Lockwood*, 272 Mont. at 206, 900 P.2d at 316.

¶28 We affirm the judgment of the Workers' Compensation Court that § 39-72-403(3), MCA (1983) (repealed 1985), is a statute of repose that violates neither the right to equal protection nor full legal redress.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

11

/S/ JIM RICE
/S/ JOHN WARNER
/S/ MARC G. BUYSKE
Honorable Marc G. Buyske, District
Judge, sitting in place of Justice Regnier

Justice Patricia O. Cotter dissents.

¶29    I dissent.

¶30    In reaching its decision, the Court fails to note that prior to the overhaul of the workers' compensation statutes in 1986, rules of liberal construction guided the courts in interpreting Workers' Compensation Act.  Specifically, under both § 39-71-104, MCA (1983) (the WCA) and § 39-72-104, MCA (1983) (the ODA), the courts were directed to liberally construe any parts or sections of the Acts when interpreting them.  In *Yurkovich v. Industrial Accident Board* (1957), 132 Mont. 77, 83, 314 P.2d 866, 870, this Court recognized that the Workers' Compensation Act must be construed so as to give the employee "the greatest possible protection within the purposes of the act."  The Legislature eliminated this rule of liberal construction when it revised the Workers' Compensation Act.  However, the statute in effect on Hardgrove's final day of work governs the resolution of his occupational disease claim.  *Grenz v. Fire and Cas. of Connecticut* (1996), 278 Mont. 268, 271, 924 P.2d 264, 266.  Thus, the 1983 version of the ODA--together with the statutory rule of liberal construction--governs this case.

¶31    The Court concludes here that § 39-72-403(3), MCA (1983), is a statute of repose because it contains an absolute time beyond which no recovery could be had by Hardgrove.  In so doing, the Court rejects the holding of *Bowerman v. Employment Sec. Com'n*.  In *Bowerman*, which was decided under the law in effect in 1981--prior to the overhaul of the WCA/ODA system--this Court was asked to decide whether the statute of limitations for instituting Bowerman's workers' compensation claim had been tolled.  Bowerman suffered

13

an injury in 1976, but did not recognize the existence of his injury until four years later, when he submitted a claim for workers' compensation coverage. The statute of limitations in effect at the time of Bowerman's termination was § 39-71-601, MCA (1981). It provided in pertinent part:

> (1) In case of personal injury or death, *all claims shall be forever barred* unless presented in writing to the employer, the insurer, or the division, as the case may be, within 12 months from the date of the happening of the accident . . . ."
>
> (2) The division may, upon a reasonable showing by the claimant of lack of knowledge of disability, waive the time requirement up to an additional 24 months.

(Emphasis added.)

¶32 The Workers' Compensation Court concluded that since Bowerman had filed his claim more than three years after the accident, it was "forever barred." On appeal, this Court disagreed, concluding that § 39-71-601, MCA (1981), "should be interpreted, in cases of latent injury, so that the time period for notice of claim does not begin to run until the claimant, as a reasonable man, should recognize the nature, seriousness, and probable compensable character of his latent injury." *Bowerman*, 207 Mont. at 319, 673 P.2d at 479.

¶33 Both the timing and conclusion of *Bowerman* are significant. The statute in question in *Bowerman* stated unequivocally that, unless a claim is filed within three years of the date of injury, such claim "shall be forever barred . . . ." Section 39-71-601(1), MCA (1981). Compare this language to the operative statutory language at issue here--"no claim to recover benefits under this chapter may be maintained unless the claim is properly filed within three

14

years . . . ." Section 39-72-403(3), MCA (1983). If anything, the language in the *Bowerman* statute is more absolute in its terms than the language of the statute with which we are faced in Hardgrove's case. Nonetheless, noting that the Court's duty is to interpret liberally the provisions of the Workers' Compensation Act, the Court in *Bowerman* interpreted the statute as one of limitations subject to equitable tolling, thus allowing Bowerman his day in court.

¶34     In *Gidley v. W.R. Grace & Co.* (1986), 221 Mont. 36, 39-40, 717 P.2d 21, 23, we were asked to decide whether the ODA was Gidley's exclusive remedy against Grace. This Court, noting its obligation to liberally construe the ODA in favor of the claimant, stated:

> We also conclude that [the Montana Occupational Disease Act] is to be administered so as to give the employee the greatest possible protection within the purposes of the Act (citing *Yurkovich*). *We further conclude that when MODA statutes are open to more than one interpretation, one of which is favorable to the employee and another against him, the court may properly construe the statutes in a manner most favorable to the employee.*

(Citation omitted.)  (Emphasis added.)  The *Bowerman* Court construed the statute before it in a manner most favorable to the employee; this Court construes the statute against him. I submit that, under *Bowerman*, the statute before us should have been construed as a statute of limitations and not a statute of repose. Such a conclusion is compelled on the basis of the public policy considerations and principles of liberal construction of the day. Hardgrove is entitled to the same consideration that Bowerman received. I dissent from our refusal to extend it.

/S/ PATRICIA O. COTTER

15

Justice James C. Nelson joins in the dissent of Justice Patricia O. Cotter.

/S/ JAMES C. NELSON