JUSTICE COTTER
dissents.
¶29 I dissent.
¶30 In reaching its decision, the Court fails to note that prior to the overhaul of the workers’ compensation statutes in 1986, rules of liberal construction guided the courts in interpreting Workers’ Compensation Act. Specifically, under both § 39-71-104, MCA (1983) (the WCA) and § 39-72-104, MCA (1983) (the ODA), the courts were directed to liberally construe any parts or sections of the Acts when interpreting them. In Yurkovich v. Industrial Accident Board (1957), 132 Mont. 77, 83, 314 P.2d 866, 870, this Court recognized that the Workers’ Compensation Act must be construed so as to give the employee “the greatest possible protection within the purposes of the act.” The Legislature eliminated this rule of liberal construction when it revised the Workers’ Compensation Act. However, the statute in effect on Hardgrove’s final day of work governs the resolution of his occupational disease claim. Grenz v. Fire and Cas. of Connecticut (1996), 278 Mont. 268, 271, 924 P.2d 264, 266. Thus, the 1983 version of the ODA-together with the statutory rule of liberal construction-governs this case.
¶31 The Court concludes here that § 39-72-403(3), MCA (1983), is a statute of repose because it contains an absolute time beyond which no recovery could be had by Hardgrove. In so doing, the Court rejects the *247 holding of Bowerman v. Employment Sec. Com’n. In Bowerman, which was decided under the law in effect in 1981-prior to the overhaul of the WCA/ODA system-this Court was asked to decide whether the statute of limitations for instituting Bowerman’s workers’ compensation claim had been tolled. Bowerman suffered an injury in 1976, but did not recognize the existence of his injury until four years later, when he submitted a claim for workers’ compensation coverage. The statute of limitations in effect at the time of Bowerman’s termination was § 39-71-601, MCA (1981). It provided in pertinent part:
(1) In case of personal injury or death, all claims shall be forever barred unless presented in writing to the employer, the insurer, or the division, as the case may be, within 12 months from the date of the happening of the accident....”
(2) The division may, upon a reasonable showing by the claimant of lack of knowledge of disability, waive the time requirement up to an additional 24 months.
(Emphasis added.)
¶32 The Workers’ Compensation Court concluded that since Bowerman had filed his claim more than three years after the accident, it was “forever barred.” On appeal, this Court disagreed, concluding that § 39-71-601, MCA (1981), “should be interpreted, in cases of latent injury, so that the time period for notice of claim does not begin to run until the claimant, as a reasonable man, should recognize the nature, seriousness, and probable compensable character of his latent injury.” Bowerman, 207 Mont. at 319, 673 P.2d at 479.
¶33 Both the timing and conclusion of Bowerman are significant. The statute in question in Bowerman stated unequivocally that, unless a claim is filed within three years of the date of injury, such claim “shall be forever barred....” Section 39-71-601(1), MCA (1981). Compare this language to the operative statutory language at issue here-“no claim to recover benefits under this chapter may be maintained unless the claim is properly filed within three years ....” Section 39-72-403(3), MCA (1983). If anything, the language in the Bowerman statute is more absolute in its terms than the language of the statute with which we are faced in Hardgrove’s case. Nonetheless, noting that the Court’s duty is to interpret liberally the provisions of the Workers’ Compensation Act, the Court in Bowerman interpreted the statute as one of limitations subject to equitable tolling, thus allowing Bowerman his day in court.
¶34 In Gidley v. W.R. Grace & Co. (1986), 221 Mont. 36, 39-40, 717 *248 P.2d 21, 23, we were asked to decide whether the ODA was Gidley’s exclusive remedy against Grace. This Court, noting its obligation to liberally construe the ODA in favor of the claimant, stated:
We also conclude that [the Montana Occupational Disease Act] is to be administered so as to give the employee the greatest possible protection within the purposes of the Act (citing Yurkovich). We further conclude that when MODA statutes are open to more than one interpretation, one of which is favorable to the employee and another against him, the court may properly construe the statutes in a manner most favorable to the employee.
(Citation omitted.) (Emphasis added.) The Bowerman Court construed the statute before it in a manner most favorable to the employee; this Court construes the statute against him. I submit that, under Bowerman, the statute before us should have been construed as a statute of limitations and not a statute of repose. Such a conclusion is compelled on the basis of the public policy considerations and principles of liberal construction of the day. Hardgrove is entitled to the same consideration that Bowerman received. I dissent from our refusal to extend it.
JUSTICE NELSON joins in the dissent of JUSTICE COTTER.